**Derek INCE, Appellant,**

v.

**Virginia INCE, Appellee.**

**No. 10–00–281–CV.**

Court of Appeals of Texas, Waco.

Aug. 15, 2001.

Carey Fraser, Stephenville, for appellant.

Phil Robertson, Robertson & Silas, L.L.P., Clifton, Rhonda A. Pressley, Asst. Atty. Gen., Austin, for appellee.

Before Chief Justice DAVIS, Justices VANCE, and GRAY.

## OPINION

GRAY, Justice.

Derek and Virginia Ince were divorced in 1987. Almost thirteen years later, Derek filed a petition for bill of review seeking to set aside certain portions of the divorce decree, alleging fraud on the part of Virginia. After a pretrial hearing, the court denied the petition for bill of review and

dismissed the action. On appeal, Derek challenges the dismissal. We affirm the trial court's judgment.

## BACKGROUND

The divorce decree entered in 1987 found that Derek and Virginia Ince were the parents of one child born during the marriage. Derek did not contest the issue of paternity at any time during the proceedings. The decree appointed conservators, provided for periods of possession, and ordered Derek to pay child support. Eleven years later, after three modifications regarding child support and visitation, Derek asked the court to allow DNA testing on the child to determine if she had a genetic problem. The court order granting Derek's motion specified that the testing was to be for medical reasons only and advised that paternity of the child had been judicially determined by previous court order.[1]

When the DNA tests excluded Derek as the father, he filed his petition for bill of review seeking to disestablish his paternity of the child and to vacate the order for support. Derek claimed that Virginia's fraudulent concealment of the child's true father prevented him from contesting paternity because that defense was unknown to him at the time of the divorce.[2] His petition for bill of review states that:

1. He had no reason to doubt his paternity;

2. He did not ignore any warning signs that would indicate that Virginia had engaged in an extra-marital affair;

3. He did not discover, nor could he have discovered, that the child was not his biological daughter until the paternity results were reported; and

4. He was not intentionally faulty or negligent in failing to discover Virginia's adultery.

After conducting a pretrial hearing, the court concluded that the alleged fraud was intrinsic in nature and would not support a bill of review. The court further held that the bill of review was barred by the four-year statute of limitations. Derek claims that the court erred in dismissing his petition because (1) the court should not have made any determination regarding the nature of the fraud prior to trial and (2) the statute of limitations was tolled by the fraud.

## BILL OF REVIEW

 A bill of review is an independent equitable action that challenges the validity of a judgment that is no longer appealable. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). Courts have long recognized the importance of the finality of judgments. As a result, the grounds for setting aside an otherwise final judgment are limited. *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex.1984). In *Baker*, the Supreme Court required the bill of review complainant to file an adequate petition

1. The Family Code provides that a suit to determine paternity is barred if a final judgment adjudicating a named individual to be the biological father has been rendered by a court of competent jurisdiction. TEX. FAM. CODE ANN. § 160.007. However, neither the record nor the parties indicate that this section was a basis for denial of Derek's petition for bill of review.

2. In his petition, Derek claims that Virginia's "fraudulence, negligence, and/or wrongful actions" prevented him from contesting paternity. Derek's sole point of error, however, focuses on the inappropriate determination of the nature of the fraud at pretrial and the tolling of the statute of limitations as a result of that fraud. Therefore, we will not address the issues of negligence and wrongful act.

and then to present a meritorious prima facie defense at a pretrial hearing. Only upon satisfaction of both requirements will the court grant a new trial. Otherwise, the court will automatically dismiss the case without motion or request from either party. *Baker,* 582 S.W.2d at 408.

Derek asserts that he met both *Baker* requirements. We disagree.

### Adequate pleading

■■■ To invoke the equitable powers of the trial court, the complainant must file a petition alleging factually and with particularity that, through no negligence of his own, he was prevented from asserting a meritorious defense to the original cause of action as a result of fraud, accident, wrongful act or official mistake. *Baker,* 582 S.W.2d at 408. Fraud, as it applies to attacks upon final judgment, may be either intrinsic or extrinsic. Intrinsic fraud relates to issues that were presented and resolved-or could have been resolved—in the former action. Fraudulent instruments and perjured testimony are considered intrinsic fraud because these are matters presented to and considered by the court in the original proceeding. *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989). Extrinsic fraud, on the other hand, is wrongful conduct practiced outside of the adversary trial—such as keeping a party away from court, making false promises of compromise, denying a party knowledge of the suit—that affects the manner in which the judgment is procured. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 1002 (1950). Only extrinsic fraud supports a bill of review. *Tice,* 767 S.W.2d at 702.

Derek asserts that the court is not required to determine whether the alleged fraud is intrinsic or extrinsic prior to the trial on the merits. The Supreme Court has held, however, that failure to plead extrinsic fraud will result in denial of the

right to a trial by bill of review. *See Tice,* 767 S.W.2d 700; *Transworld Fin. Serv. Corp. v. Briscoe,* 722 S.W.2d 407 (Tex. 1987). The *Tice* court found that the petition of complainant City of Pasadena fell short of meeting the requirements for a bill of review because Pasadena pled only intrinsic fraud:

> The fatal flaw in Pasadena's claim is that all of these issues were in controversy in the original trial, and were fully litigated or could have been fully litigated had Pasadena asserted its legal rights. A careful examination of the record in the original trial bears out the fact that all of the alleged "meritorious defenses" were fully presented or could have been fully presented in the original trial.

*Tice,* 767 S.W.2d at 704. The court held that Pasadena could therefore not proceed to a new trial on the merits. *Id.* at 705.

In *Transworld,* the complainants alleged attorney negligence in their petition. The trial court dismissed the cause because the petition failed to allege extrinsic fraud, and the Supreme Court affirmed the decision of the trial court:

> We hold that a bill of review petitioner who alleges that he suffered an adverse judgment because of the fraudulent or wrongful acts of his attorney is not excused from the necessity of pleading and proving extrinsic fraud on the part of his opponent.

*Transworld,* 722 S.W.2d at 408. Therefore, to determine if a complainant has fulfilled the threshold *Baker* requirement of filing an adequate petition, the court must first determine if the complainant has alleged extrinsic fraud.

■■■ Derek's petition has the same fatal flaw as Pasadena's petition in *Tice.* Paternity, although not contested, was an issue addressed and resolved by the trial court in 1987. The divorce decree establishes

Derek as the child's father and provides for child support, conservatorship, and visitation. Derek failed to allege any act on the part of Virginia that prevented him from contesting the issue of paternity. Derek had the option to contest paternity at the final divorce hearing. He was never denied the defense. At most, he was denied the evidence of Virginia's adultery that would have assisted in proving the defense. As the *Tice* court pointed out, each party must exercise due diligence to guard against adverse findings upon issues directly presented. *Tice,* 767 S.W.2d at 702. We find that Derek alleges only intrinsic fraud because his "meritorious defense" could have been fully presented at the original trial.

Recently, the Eastland Court of Appeals reached the same conclusion in a remarkably similar case when it found that lying about the parentage of children during a divorce proceeding was not extrinsic fraud. The court held that appellant's allegations of such fraud were "allegations of intrinsic fraud concerning an issue that was admitted, uncontested, and settled in the divorce proceeding: parentage of the children born of the marriage." *Wise v. Fryar,* 2001 Tex.App. LEXIS 2756, 49 S.W.3d 450 (Tex.App.—Eastland 2001, no pet. h.).[3]

Because intrinsic fraud will not support a bill of review, the trial court did not err in dismissing Derek's petition after the pretrial hearing.

### RESPONSE TO THE DISSENT

The dissent would characterize this case as public policy lagging behind the ability of DNA to prove with certainty that an individual is not the biological parent of a particular child. The conclusiveness of biological paternity is not the issue. Being a parent has always meant more than simply proving the DNA necessary to create human life originated from a particular individual.

When Derek and Virginia were married they created a legal relationship. When they were divorced a judgment was rendered that terminated that legal relationship. In the same judgment terminating the marital relationship, a legal relationship of parent and child was, to the extent that it had not previously been formally decreed by a court of law, recognized and confirmed. It is this portion of the judgment of divorce that Derek is now attacking almost thirteen years later.

The relationship of parent and child was thus recognized, confirmed and became final under all the rules and with the formalities and solemnities accorded the creation and recognition of other legal relationships. The judgment at issue in this case should not be set aside because one of the individuals involved has become unhappy with the continued existence of it. More should be required to terminate the parent-child relationship than simply establishing that the individual is not the biological parent.

Finally, we do not "fault" Derek for not contesting paternity 13 years ago. We do not lay blame on him because the law does not inquire into his motives for not contesting paternity then, or his reasons for contesting paternity now. The legal relationship of parent and child recognized in a final judgment so long ago should not so easily be put aside.

---

3. Although we cannot cite the unpublished *Freeman* case for precedential authority, we do note the factual similarities to this case. The Austin court likewise found that concealment of the identity of the biological father at the final divorce hearing constituted intrinsic fraud, which would not support a bill of review. *Freeman v. Freeman,* 1998 Tex.App. LEXIS 7458 (Tex.App.—Austin 1998, no pet.).

## CONCLUSION

Because we have determined that the trial court had sufficient grounds to support its dismissal of the petition, we do not need to address Derek's other contention that the trial court erred in dismissing the case on the defense of limitations. We therefore overrule Derek's sole point of error and affirm the decision of the trial court.

VANCE, Justice, dissenting.

Derek is faulted for not contesting paternity when he was divorced. We should remember that he was faced with a statutory presumption that a child born during a marriage is the child of the husband. TEX. FAM.CODE ANN. § 151.002(a)(1) (Vernon Supp.2001). He also maintains that Virginia gave him no reason to suspect otherwise.

When a legal proceeding determines that an individual is the father of a child and the determination turns out to be demonstrably false, the judicial system should provide a remedy. And it does.

### REVIEW AUTHORIZED UNDER EXISTING PRECEDENTS

The majority relies on *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950). However, in *Alexander* the Supreme Court said extrinsic fraud exists when "a wrongful act [is] committed by the other party to the suit which has prevented the losing party either from knowing his rights or defenses, or from having a fair opportunity of presenting them upon the trial." *Alexander*, 226 S.W.2d at 1001; *accord Crouch v. McGaw*, 134 Tex. 633, 138 S.W.2d 94, 97 (1940).

An even earlier "leading case" is *McMurry v. McMurry*, where the Supreme Court held that a wife's petition to set aside the property division in a divorce judgment stated a claim for relief based on allegations that the husband's deception had prevented the wife from presenting her case. *McMurry v. McMurry*, 67 Tex. 665, 4 S.W. 357, 361 (1887).

Virginia's failure to disclose to Derek the extra-marital relationship and the concealment of it, along with the statutory (and societal) presumption, caused Derek not to investigate whether or not he was the father of her child or to contest paternity during the divorce proceeding. Under the *Alexander* test, her fraudulent concealment amounts to extrinsic fraud, even though her false testimony at the divorce hearing does not. *See Alexander*, 226 S.W.2d at 1001; *see also Chapman v. King Ranch, Inc.*, 41 S.W.3d 693, 700–01 (Tex.App.—Corpus Christi 2001, pet. filed) (bill of review attacking judgment over one hundred years old; summary judgment reversed and cause remanded for trial). This is a crucial distinction which the majority dismisses.

### RESTATEMENT OF JUDGMENTS

Furthermore, Section 70 of the Restatement (Second) of Judgments, "Judgment Procured by Corruption, Duress, or Fraud," provides:

(1) Subject to the limitations stated in § 74, a judgment in a contested action may be avoided if the judgment:

(a) Resulted from corruption of or duress upon the court or the attorney for the party against whom the judgment was rendered, or duress upon that party, or

(b) Was based on a claim that the party obtaining the judgment knew to be fraudulent.

(2) A party seeking relief under Subsection (1) must:

(a) Have acted with due diligence in discovering the facts constituting the basis for relief;

(b) Assert his claim for relief from the judgment with such particularity as to indicate it is well founded and prove the allegations by clear and convincing evidence; and

(c) When his claim is based on falsity of the evidence on which the judgment was based, show that he had made a reasonable effort in the original action to ascertain the truth of the matter.

RESTATEMENT (SECOND) OF JUDGMENTS § 70 (1982). The comments to section 70 show that the distinction between extrinsic and intrinsic fraud must be carefully defined and applied and that the ultimate goal of revisiting a judgment is to search for "incontestable proof as to truth of the underlying matter in issue." *Id.* § 70 cmt. d.

Derek's petition for review of the judgment asserts that it was based on a claim that Virginia, the party obtaining the judgment, knew to be fraudulent, *i.e.*, her claim that Derek was the biological father of her child. *Id.* § 70(1)(b). It further asserts facts that meet the requirements of subsection (2) of section 70. *Id.* § 70(2). Derek believes that he can show by clear and convincing evidence, *i.e.*, a DNA test, that the judgment is erroneous.[1] He should be permitted that opportunity at a trial on the merits of his petition. Otherwise, we "compound the injustice of its result on the merits with the injustice of the means by which it was reached." *Id.* § 70 cmt. a.

### CURRENT LEGISLATION

Granting Derek a hearing on his petition is supported by recent enactments by which the Legislature has expressed a policy of allowing otherwise final judgments to be overturned when DNA evidence conclusively demonstrates a factual error.

First, effective September 1, 2001, section 160.217 of the Family Code "authorizes a man *who executed a voluntary statement of paternity* before September 1, 1999, and who on the basis of that statement, is the subject of a *final order* declaring him to be a parent of the child to file a suit affecting the parent-child relationship to contest the statement on the basis of fraud, duress, or material mistake of fact. The bill sets forth provisions regarding court procedures in a suit filed by a man to contest a voluntary statement of paternity, and the setting aside of final orders declaring paternity of the man and related orders of the court."[2] [Emphasis added]. Although the bill is limited in scope, it follows the principle that "scientifically accepted parentage testing" should be given effect even if a prior judgment made a contrary determination and even when that judgment came about because the person agreed to it. The bill provides: "if the court finds that at least 99 percent of the male population is excluded by the test ordered under Subsection (c) and that the man who executed the voluntary statement of paternity is excluded from the possibility of being the child's father, the court *shall* set aside: (1) the final order declaring the man to be a parent of the child; and (2) any other order with respect to the child that was rendered on the basis of the voluntary statement of paternity." [Emphasis added].

---

1. The test results are in the record: "The alleged father, Derek Ince, is excluded as the biological father of the child, [R.I.]" They appear to satisfy the search for "incontestable proof as to truth of the underlying matter in issue" contemplated by the Restatement. RESTATEMENT (SECOND) OF JUDGMENTS § 70 cmt. d (1982).

2. Quote is from the Bill Analysis of the Committee Substitute for House Bill 638, 77th Legislature, Regular Session. The text and analyses of Senate and House Bills can be found through *http://www.capitol.state.tx.us/tlo/billnbr.htm* by entering the bill number.

Second, the Legislature added Chapter 64 to the Code of Criminal Procedure to allow a convicted person to subject evidence containing biological material to "forensic DNA testing" when certain conditions are present, including that testing was not previously done because the technique was not available or was not technologically capable of providing probative results. The procedure is available even to one who pled guilty or nolo contendere, and if the conditions are met, is mandatory.[3] A post-conviction innocence claim based on the results of favorable forensic testing is authorized, even though a similar claim has already been rejected. By this enactment, the Legislature recognized the power of DNA testing to correct mistakes in the criminal justice system.

CONCLUSION

Finality of judgments is a laudable and desirable concept which promotes stability in society and in the judicial system. But, it is not the "be all, end all." We have painfully learned that our system of justice is not perfect. It does not always find the "truth"; it does not always achieve "justice."

Based on existing precedents, the Restatement of Judgments, and public policy trends evolving in the Legislature, I would reverse the judgment and remand the cause for trial on the merits of Derek's petition. Because the majority does otherwise, I respectfully dissent.

---

**3.** Senate Bill 3, 77th Legislature, Regular Session. The Enrolled Analysis for this bill states: "Texas statutes regulating the use of biological evidence, particularly evidence containing DNA, have been surpassed by developments in the science of biological evidence and other related technologies, unnecessarily inhibiting the use of such evidence. S.B. 3 establishes procedures for the preservation and use of evidence containing DNA and postconviction DNA testing."