**Charlotte MARTINDALE, Appellant,**

v.

**Dennis Allen RENO, Appellee.**

**No. 11–02–00256–CV.**

Court of Appeals of Texas,
Eastland.

May 22, 2003.

---

Charles Ed Myers, Heatherly & Myers, Abilene, for appellant.

Charles M. Walls, Law Office of Sam J. Chase, Abilene, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

JIM R. WRIGHT, Justice.

This is an appeal from an order of the trial court in which the court granted a bill of review in a case involving the paternity of a child. Because the procedural requirements for obtaining relief by bill of review have not been met, we reverse the order of the trial court and render judgment that all relief sought by Dennis Allen Reno in his bill of review is denied.

In July 2001, Reno filed a petition for bill of review seeking relief from a judicial determination in a 1987 divorce that he and Charlotte Martindale were the parents of T.M.R. While some issues in the divorce were contested, paternity was not. Martindale filed a motion for summary judgment alleging, among other things, that Reno had not established the essential elements necessary for relief by bill of review. The trial court denied the motion for summary judgment, held a hearing on the petition for bill of review, granted the bill of review, and entered an order in favor of Reno. In an order entered following the hearing on the bill of review, the trial court amended the prior divorce decree to reflect that Reno was not the father of T.M.R. The trial court also terminated orders regarding future child support and eliminated any arrearage in child support payments. The trial court denied further relief sought by Reno for recovery of all prior child support paid, prejudgment interest, postjudgment interest, and attorney's fees.

The issue to be determined in this appeal involves the propriety of bill of review proceedings instituted in connection with paternity issues which a trial court had decided many years ago in a divorce action. As we did in *Wise v. Fryar,* 49 S.W.3d 450 (Tex.App.-Eastland 2001, pet'n den'd), *cert. den'd,* 534 U.S. 1079, 122 S.Ct. 808, 151 L.Ed.2d 694 (2002), we point out that the question before us is a procedural one which does not involve the validity or propriety of paternity testing. Neither does our review examine whether Reno is or is not the father of T.M.R. The sole question before us is whether Reno met the requirements necessary for him to establish that he was entitled to relief by bill of review.

Finality in judgments is important in our jurisprudence, and the grounds for setting aside a final judgment are limited. *Ince v. Ince,* 58 S.W.3d 187 (Tex.App.-Waco 2001, no pet'n). In *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950), the court explained why bills of review were permitted only in exceptional circumstances:

Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments "are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted"; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done.

Before a party to a final judgment may attack that judgment after the time for appeal has passed, that party must allege and prove (1) a meritorious defense to the cause of action alleged to support the judgment (2) which the petitioner was prevented from making by fraud, accident, or wrongful act of the opposite party (3) unmixed with any fault or negligence of the petitioner. *Tice v. City of Pasadena*, 767 S.W.2d 700 (Tex.1989)(orig. proceeding); *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex. 1979).

■ The fraud which must be established is extrinsic as opposed to intrinsic; only extrinsic fraud will support the granting of relief pursuant to a bill of review. *Alexander v. Hagedorn*, supra. In *Montgomery v. Kennedy*, 669 S.W.2d 309, 312–13 (Tex.1984), the court explained:

We have stated or expressly approved that extrinsic fraud is that fraud which denies a losing litigant the opportunity to fully litigate his rights or defenses upon trial. Extrinsic fraud is "collateral" fraud in the sense that it must be collateral to the matter actually tried and not something which was actually or potentially in issue in the trial. Extrinsic fraud is conduct that prevents a real trial upon the issues involved. Intrinsic fraud, on the other hand, is inherent in the matter considered and determined in the trial "where the fraudulent acts pertain to an issue involved in the original action, or where the acts constituting the fraud were, or could have been litigated therein."

Included in intrinsic fraud are fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering the judgment assailed. It is particularly well-established that the alleged perjury of a witness on a contested issue, which the opposing party had the opportunity to refute, is intrinsic fraud. (Citations omitted)

See also *Tice v. City of Pasadena*, supra.

In this case, the fraud which has been alleged by Reno is not extrinsic fraud. As we said in *Wise*:

These are allegations of intrinsic fraud concerning an issue that was admitted, uncontested, and settled in the divorce proceeding: parentage of the [child] born of the marriage.

*Wise v. Fryar*, supra at 455. Subsequent to our decision in *Wise*, the Waco Court of Appeals had the occasion to examine the question. In *Ince v. Ince*, supra, Mr. Ince filed a petition for bill of review after learning of DNA test results which excluded him as the father of the child involved in that proceeding. In the petition for bill of review, Mr. Ince sought to disestablish his paternity of the child and to vacate support orders. Much the same as Reno here has done, Mr. Ince claimed that Mrs. Ince's fraudulent concealment of the truth about the actual biological father of the child prevented him from contesting paternity in the original action and, further, that he had no idea at the time of the divorce that he had any reason to contest the paternity issue. The Waco court disagreed with Mr. Ince and explained:

Paternity, although not contested, was an issue addressed and resolved by the trial court in 1987. The divorce decree establishes [Mr. Ince] as the child's father and provides for child support, conservatorship, and visitation. [Mr. Ince] failed to allege any act on the part of [Mrs. Ince] that prevented him from contesting the issue of paternity. [Mr. Ince] had the option to contest paternity at the final divorce hearing. He was never denied the defense. At most, he was denied the evidence of [Mrs. Ince's] adultery that would have assisted in proving the defense. As the *Tice* court pointed out, each party must exercise due diligence to guard against adverse findings upon issues directly presented.

*Ince v. Ince,* supra at 190–91.

Here, Martindale has presented us with two issues on appeal. In her first issue, Martindale complains of the failure of the trial court to grant her motion for summary judgment. In her second issue, Martindale claims that the trial court erred when it granted a hearing on the petition for bill of review and when it granted the relief on the bill of review. Because the fraud alleged by Reno was not extrinsic fraud, we agree with the proposition stated in Martindale's second issue on appeal; and it is sustained. We need not address the first issue on appeal.

The order of the trial court is reversed, and judgment is rendered that Reno take nothing by his petition for bill of review.