11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Charlotte Martindale

Appellant

Vs.                   No.
11-02-00256-CV B Appeal from Jones County

Dennis Allen Reno

Appellee

 

This is an
appeal from an order of the trial court in which the court granted a bill of
review in a case involving the paternity of a child.  Because the procedural requirements for obtaining relief by bill
of review have not been met, we reverse the order of the trial court and render
judgment that all relief sought by Dennis Allen Reno in his bill of review is
denied.

In July
2001, Reno filed a petition for bill of review seeking relief from a judicial
determination in a 1987 divorce that he and Charlotte Martindale were the
parents of T.M.R.  While some issues in
the divorce were contested, paternity was not. 
Martindale filed a motion for summary judgment alleging, among other
things, that Reno had not established the essential elements necessary for
relief by bill of review.  The trial
court denied the motion for summary judgment, held a hearing on the petition
for bill of review, granted the bill of review, and entered an order in favor
of Reno.  In an order entered following
the hearing on the bill of review, the trial court amended the prior divorce
decree to reflect that Reno was not the father of T.M.R.  The trial court also terminated orders
regarding future child support and eliminated any arrearage in child support
payments.  The trial court denied further
relief sought by Reno for recovery of all prior child support paid, prejudgment
interest, postjudgment interest, and attorney=s fees. 








The issue
to be determined in this appeal involves the propriety of bill of review
proceedings instituted in connection with paternity issues which a trial court
had decided many years ago in a divorce action.  As we did in Wise v. Fryar, 49 S.W.3d 450 (Tex.App. B Eastland 2001, pet=n den=d), cert. den=d, 534 U.S. 1079
(2002), we point out that the question before us is a procedural one which does
not involve the validity or propriety of paternity testing.  Neither does our review examine whether Reno
is or is not the father of T.M.R.  The
sole question before us is whether Reno met the requirements necessary for him
to establish that he was entitled to relief by bill of review.

Finality
in judgments is important in our jurisprudence, and the grounds for setting
aside a final judgment are limited. 
Ince v. Ince, 58 S.W.3d 187 (Tex.App. B Waco 2001, no pet=n).  In Alexander v. Hagedorn,
226 S.W.2d 996, 998 (Tex.1950), the court explained why bills of review were
permitted only in exceptional circumstances:

Because it is fundamentally important in the
administration of justice that some finality be accorded to judgments, these
essentials have been uniformly recognized by our courts; therefore, bills of
review seeking relief from judgments Aare always watched by courts of equity with extreme jealousy, and the
grounds on which interference will be allowed are narrow and restricted@; and the rules are not to be relaxed merely
because it may appear in some particular case that an injustice has been done. 

 

Before a
party to a final judgment may attack that judgment after the time for appeal
has passed, that party must allege and prove (1) a meritorious defense to the
cause of action alleged to support the judgment (2) which the petitioner was
prevented from making by fraud, accident, or wrongful act of the opposite party
(3) unmixed with any fault or negligence of the petitioner.  Tice v. City of Pasadena, 767 S.W.2d 700
(Tex.1989)(orig. proceeding); Baker v. Goldsmith, 582 S.W.2d 404 (Tex.1979).

The fraud
which must be established is extrinsic as opposed to intrinsic; only extrinsic
fraud will support the granting of relief pursuant to a bill of review.  Alexander v. Hagedorn, supra.  In Montgomery v. Kennedy, 669 S.W.2d 309,
312-13 (Tex.1984), the court explained:

We have
stated or expressly approved that extrinsic fraud is that fraud which denies a
losing litigant the opportunity to fully litigate his rights or defenses upon
trial.  Extrinsic fraud is Acollateral@ fraud in the sense that it must be collateral to the matter actually
tried and not something which was actually or potentially in issue in the
trial.  Extrinsic fraud is conduct that
prevents a real trial upon the issues involved.  Intrinsic fraud, on the other hand, is inherent in the matter
considered and determined in the trial Awhere the fraudulent acts pertain to an issue involved in the original
action, or where the acts constituting the fraud were, or could have been
litigated therein.@

 








Included in intrinsic fraud are fraudulent instruments,
perjured testimony, or any matter which was actually presented to and
considered by the trial court in rendering the judgment assailed.  It is particularly well-established that the
alleged perjury of a witness on a contested issue, which the opposing party had
the opportunity to refute, is intrinsic fraud. 
(Citations omitted)

 

See
also Tice v. City of Pasadena, supra.

In this case, the fraud which has been alleged by Reno is not extrinsic
fraud.  As we said in Wise:

These are allegations of intrinsic fraud
concerning an issue that was admitted, uncontested, and settled in the divorce
proceeding: parentage of the [child] born of the marriage.  

 

Wise v. Fryar, supra at
455.  Subsequent to our decision in Wise,
the Waco Court of Appeals had the occasion to examine the question.   In Ince v. Ince, supra, Mr. Ince filed a
petition for bill of review after learning of DNA test results which excluded
him as the father of the child involved in that proceeding.  In the petition for bill of review, Mr. Ince
sought to disestablish his paternity of the child and to vacate support
orders.  Much the same as Reno here has
done, Mr. Ince claimed that Mrs. Ince=s fraudulent concealment of the truth about the actual biological
father of the child prevented him from contesting paternity in the original
action and, further, that he had no idea at the time of the divorce that he had
any reason to contest the paternity issue. 
The Waco court disagreed with Mr. Ince and explained:

Paternity, although not contested, was an
issue addressed and resolved by the trial court in 1987.  The divorce decree establishes [Mr. Ince] as
the child=s father and provides for child support,
conservatorship, and visitation.  [Mr.
Ince] failed to allege any act on the part of [Mrs. Ince] that prevented him
from contesting the issue of paternity. 
[Mr. Ince] had the option to contest paternity at the final divorce
hearing.  He was never denied the
defense.  At most, he was denied the
evidence of [Mrs. Ince=s]
adultery that would have assisted in proving the defense.  As the Tice court pointed out, each
party must exercise due diligence to guard against adverse findings upon issues
directly presented.

 

Ince
v. Ince, supra at 190-91.








Here,
Martindale has presented us with two issues on appeal.  In her first issue, Martindale complains of
the failure of the trial court to grant her motion for summary judgment.  In her second issue, Martindale claims that
the trial court erred when it granted a hearing on the petition for bill of
review and when it granted the relief on the bill of review.  Because the fraud alleged by Reno was not
extrinsic fraud, we agree with the proposition stated in Martindale=s second issue on appeal; and it is
sustained.  We need not address the
first issue on appeal.

The order
of the trial court is reversed, and judgment is rendered that Reno take nothing
by his petition for bill of review.

 

JIM
R. WRIGHT

JUSTICE

 

May 22, 2003

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.