Opinion issued March 23, 2006
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01058-CV




DONALD NELSON , Appellant

V.

EVANGELINE CHANEY and THE ATTORNEY GENERAL OF TEXAS,
Appellees




On Appeal from the 312th District Court
Harris County, Texas
Trial Court Cause No. 2004-02533




O P I N I O N

          Appellant, Donald Nelson, appeals a summary judgment order denying his
petition for bill of review to set aside an order finding Nelson to be the father of K.N. 
In two issues on appeal, Nelson argues that the trial court erred (1) in finding that
Nelson failed to present a meritorious prima facie defense to the underlying case and
(2) by granting the summary judgment motion of appellees, Evangeline Chaney
(K.N.’s mother) and the Attorney General of Texas (a party in interest). 
          We affirm.
BACKGROUND
          Chaney gave birth to K.N. on July 12, 1997. Approximately three months later,
the Attorney General filed suit to establish Nelson’s paternity of K.N. At the time of
the suit, Nelson was an inmate in the Texas Department of Criminal Justice.


 Nelson
admits being served while he was incarcerated, although he failed to file a response
of any kind or to request the assistance of counsel. After Nelson failed to answer, a
default paternity judgment was entered on November 5, 1998. The judgment found
Nelson to be K.N.’s biological father and established the parent-child relationship
between Nelson and K.N. 
          Nelson was released from prison in 2002. On July 18, 2002, Nelson signed an
agreed child support order appointing him joint managing conservator of K.N.,
ordering him to pay $305 each month for her support, and awarding him standard
visitation rights. In May 2003, Nelson brought a motion for enforcement by contempt
of his child visitation rights. The motion alleged that Chaney was preventing Nelson
from visiting with K.N. in violation of the agreed July 18, 2002 child support order. 
Three months later, in August 2003, Nelson was held in contempt for failure to pay
K.N.’s child support. 
          On January 24, 2004, Nelson filed a petition for bill of review asking the trial
court to order DNA testing and to grant a new trial for the purposes of determining
whether or not he was K.N.’s father.


 Nelson’s amended petition (1) contended that
his incarceration had prevented him from requesting DNA testing prior to entry of the
1998 paternity judgment and (2) alleged that “extrinsic fraud . . . denied him the
opportunity to fully litigate his rights and defenses at trial.” The petition neither
specified how Nelson’s incarceration prevented him from requesting a DNA test nor
elaborated on the nature of the extrinsic fraud he alleged.  
          At a July 26, 2004 hearing, the trial court indicated that Nelson’s petition was
flawed on its face, noting that “[the petition] doesn’t allege any of the reasons that we
have to have for a bill of review, meritorious defense prevented by fraud or mistake
from being asserted unmixed by any negligence of his own.” Nevertheless, the court
ordered that DNA testing be done to determine whether Nelson was K.N.’s biological
father. Per the court’s order, the testing was to be arranged and paid for by Nelson
alone. 
          Following the July 26 hearing, the Attorney General moved for summary
judgment. The trial court granted the Attorney General’s motion after a hearing on
September 20, 2004, summarily dismissing Nelson’s petition for bill of review. At
the September 20 hearing, Nelson attempted to introduce into evidence the results of
a DNA test purportedly excluding him from being K.N.’s father. Over the Attorney
General’s objection, the trial court allowed Nelson to admit the test results as a bill
of exception. The results state in bold print “self-collection case, non-legal” and “the
identity of the test participants was not verified during specimen collection.” 
DISCUSSION
          On appeal, Nelson argues that he satisfactorily presented a prima facie
meritorious defense, and thus contends that the trial court erred in granting the
Attorney General’s motion for summary judgment.
          Standard of Review
          Summary judgment is a question of law. Provident Life & Accident Ins. Co.
v. Knott, 128 S.W.3d 211, 220 (Tex. 2003). Thus, we review a trial court’s summary
judgment decisions de novo. Id. The standard of review for a traditional summary
judgment motion is threefold: (1) the movant must show that there is no genuine issue
of material fact and that it is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment, the
court must take evidence favorable to the nonmovant as true; and (3) the court must
indulge every reasonable inference in favor of the nonmovant and resolve any doubts
in the nonmovant’s favor. Tex. R. Civ. P. 166a(c); Pustejovsky v. Rapid-Am. Corp.,
35 S.W.3d 643, 645–46 (Tex. 2000); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548–49 (Tex. 1985). A defendant seeking summary judgment must as a matter of law
negate at least one element of each of the plaintiff’s theories of recovery or plead and
prove each element of an affirmative defense. Missouri Pac. R.R. v. Lely Dev. Corp.,
86 S.W.3d 787, 790 (Tex. App.—Austin 2002, pet. dism’d). If a trial court’s order 
granting summary judgment does not specify the basis for the court’s ruling, as is the
case here, the summary judgment will be affirmed if any of the theories advanced by
the movant is meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).
          Petition for Bill of Review 
          A bill of review “is an equitable proceeding brought by a party seeking to set
aside a prior judgment that is no longer subject to challenge by a motion for new trial
or appeal.” Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004). Because of the
importance our legal system places on the finality of judgments, bills of review are
permitted only in exceptional circumstances. See Alexander v. Hagedorn, 226
S.W.2d 996, 998 (Tex. 1950). To prevail, the petitioner must plead and prove (1) a
meritorious defense to the cause of action alleged to support the judgment, (2) that
he was prevented from making by the fraud, accident, or wrongful act of his
opponent, (3) unmixed with any fault or negligence of his own. Caldwell, 154
S.W.3d at 96. Only “extrinsic fraud” will support a bill of review. See Tice v. City
of Pasadena, 767 S.W.2d 700, 702 (Tex. 1989); Ince v. Ince, 58 S.W.3d 187, 190 
(Tex. App.—Waco 2001, no pet.). Extrinsic fraud is fraud that is collateral to the
matter being tried and prevents a litigant from having a fair opportunity to assert his
rights at trial. Ince, 58 S.W.3d at 190. Conversely, “intrinsic fraud” relates to matters
that could have been litigated in the initial action, including fraudulent instruments
and perjured testimony. Id. A petitioner by bill of review must allege, with
particularity, sworn facts sufficient to constitute a meritorious defense and must
present prima facie proof to support the contention at a pretrial hearing. Caldwell,
154 S.W.3d at 96; Baker v. Goldsmith, 582 S.W.2d 404, 406 (Tex. 1979); Amanda
v. Montgomery, 877 S.W.2d 482, 486 (Tex. App.—Houston [1st Dist.] 1994, no pet.). 
Successfully establishing a prima facie meritorious defense, together with the other
requisites of a bill of review, entitles the petitioner to a new trial of the underlying
cause of action. See Caldwell, 154 S.W.3d at 97.Nelson’s Petition for Bill of Review
          In his first issue on appeal, Nelson contends that he did plead and prove a
meritorious prima facie defense, and, therefore, the trial court erred in granting the
Attorney General’s summary judgment motion. We disagree. Nelson’s petition, on
its face, fails to plead satisfactorily the requisite elements for a bill of review.
          Nelson’s alleged meritorious defense appears to be that he is the not the
biological father of K.N., but his incarceration prevented him from requesting DNA
testing prior to the 1998 paternity hearing. The record reflects, however, that Nelson
was properly served despite his incarceration. Under former section 160.101 of the
Texas Family Code, in effect when the Attorney General brought suit, to trigger the
court’s authority to order paternity testing Nelson needed only to mail a response to
the court expressly denying paternity.


 Nelson’s petition and statements at the
applicable hearings provide no explanation for why he was prevented from doing this,
and the case law itself contains several examples of inmates filing general denials or
answers to paternity suits. See, e.g., In the Interest of Z.L.T., 124 S.W.3d 163, 164
(Tex. 2003); In the interest of M.M., 980 S.W.2d 699, 700 (Tex. App.—San Antonio
1998, no pet.). Thus, Nelson’s decision not to file a response to the Attorney
General’s paternity suit was not unmixed with any fault or negligence of his own. See
Caldwell, 154 S.W.3d at 96.
          Morever, Nelson’s petition does not adequately allege that his failure to invoke
a meritorious defense at the original proceeding stemmed from the extrinsic fraud,
accident, or wrongful act of another party. The petition does claim that Nelson was
the victim of extrinsic fraud, but it provides no sworn facts stating with particularity
the nature of the fraud, who committed it, or how it was perpetrated. At the July and
September 2004 hearings on his petition, and on appeal, Nelson argued that Chaney
committed extrinsic fraud by convincing him that K.N. was his baby. Even
knowingly lying about a child’s parentage, however, has been held not to constitute
extrinsic fraud, but intrinsic fraud, that is, fraud that could have been litigated in the
underlying paternity suit in which Nelson allowed a default judgment to be taken
against him. See Ince, 58 S.W.3d at 191; Wise v. Fryar, 49 S.W.3d 450 (Tex.
App.—Eastland 2001, pet. denied), (cert. denied), 534 U.S. 1079, 122 S. Ct. 808
(2002). Intrinsic fraud will not support a bill of review because each party must
guard against adverse findings on issues presented in the underlying cause of action. 
See Temple v. Archambo, 161 S.W.3d 217, 224–25 (Tex. App.—Corpus Christi 2005,
no pet. h.). 
          To prove extrinsic fraud, Nelson had to present a prima facie case that Chaney
prevented him from having a fair opportunity to assert that he was K.N.’s father in the
paternity suit brought by the Attorney General. See Ince, 58 S.W.3d at 190–91. 
Nelson was put on notice by the very nature of the paternity proceeding that he could
avail himself of the defense of non-paternity and that he could obtain a DNA test to
support his defense. Nelson presents no sworn facts showing that Chaney prevented
him from availing himself of DNA testing at the time of the paternity suit. Thus, his
contention that he was prevented by extrinsic fraud from establishing his non-paternity is without merit.


 See In the Interest of R.J.P., 179 S.W.3d 181, 186 (Tex.
App.—Houston [14th Dist.] 2005, no pet. h.). 
          Summary Judgment
          In his second issue on appeal, Nelson contends that the trial court erred in
granting the Attorney General’s summary judgment motion to dismiss his bill of
review. As the defendant in this case, the Attorney General was entitled to have his
motion for summary judgment granted if he could negate, as a matter of law, at least
one necessary element of Nelson’s bill of review. See Friendswood Dev. Co. v.
McDade & Co., 926 S.W.2d 280, 282 (Tex. 1996). As noted, Nelson failed to
establish either a meritorious prima facie defense or extrinsic fraud. Thus, Nelson did
not satisfy the requisite elements of his theory of recovery and the Attorney General’s
motion for summary judgment was properly granted. We therefore overrule Nelson’s
second issue on appeal. 
          Finally, although we affirm its judgment, we note that the trial court abused its
discretion in ordering DNA testing. A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial error
of law. See Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Here, absent
Nelson’s making out a successful prima facie case for bill of review, which he failed
to do, the trial court lacked the discretion to order a DNA test. See In re Attorney
General of Texas, No. 09–05–00351–CV, 2006 WL 301080, at *3 (Tex.
App.—Beaumont, Feb. 9, 2006, no pet. h.) (holding that trial court abused its
discretion in ordering DNA testing for determination of paternity when petitioner
failed to meet initial requirements for bill of review); Amanda, 877 S.W.2d at 485
(holding that order allowing discovery was improper because petitioner’s bill of
review was fatally flawed). The sole question before the trial court, as it is before this
court, was whether Nelson was entitled to relief by bill of review as a matter of law. 
Had such a determination been made, thus allowing Nelson to re-litigate the issue of
paternity, it would have been appropriate to order DNA testing. Without such a
determination, however, the trial court’s order effectively facilitated the gathering of
evidence to undermine a final judgment that as a matter of law could not be upset. 
Because conclude that Nelson is not entitled to a bill of review, we decline to
consider the DNA tests he submitted under his bill of exception.
 
 
 
 
CONCLUSION
          We affirm the judgment of the trial court.
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Hanks.