MEMORANDUM OPINION

No. 04-06-00431-CV

In the Interest of J.M.C., a Child

From the 131st Judicial District Court, Bexar County, Texas

Trial Court No. 2005-CI-15306

Honorable Richard E. Price, Judge Presiding




Opinion by: Catherine Stone, Justice



Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Steven C. Hilbig, Justice



Delivered and Filed: February 14, 2007



REVERSED AND REMANDED 

This is an appeal of an order granting a bill of review. The bill of review was filed by appellee, Samuel G. Canales, who
sought to set aside a 2001 order determining the parentage of J.M.C. The trial court granted the bill of review, ordered
paternity testing, and based on the results of such testing, entered its Order of Non-Parentage, determining that Canales is
not the father of J.M.C. The child's mother, Monica Guerrero, now appeals. We reverse and remand.

Background

 Canales filed his bill of review alleging fraud and wrongful conduct by Guerrero after he was informed that he was not the
biological father of J.M.C., a girl born in 1995. He stated that he had previously voluntarily admitted paternity, resulting in
the entry of a Child Support Review Order in 2001 which (1) established the parent-child relationship between Canales and
J.M.C., and (2) specified Canales' child support obligations. Canales stated that he admitted paternity because Guerrero, the
child's mother, told him he was the father. The trial court granted his bill of review and later signed an order adjudicating
the non-parentage of Canales and J.M.C.

 On appeal, Guerrero presents three issues. We address only her second issue, in which she argues that while Canales
alleged fraud in his petition, he failed to plead or establish extrinsic fraud. Because we agree that Canales failed to plead or
establish extrinsic fraud, we reverse the trial court's judgment. (1)

Standard of Review

 When reviewing the grant or denial of a bill of review, we indulge every presumption in favor of the trial court's ruling. 
Narvaez v. Maldonado, 127 S.W.3d 313, 319 (Tex. App.-Austin 2004, no pet.). We will not disturb the ruling unless the
trial court abused its discretion. Id; Temple v. Archambo, 161 S.W.3d 217, 224 (Tex. App.-Corpus Christi 2005, no pet.). 
A trial court abuses its discretion if has acted in an unreasonable or arbitrary manner, or without reference to any guiding
rules or principles. Narvaez, 127 S.W.3d at 319. Because it is fundamentally important that judgments be accorded some
finality, bills of review seeking relief from otherwise final judgments are scrutinized "with extreme jealousy, and the
grounds on which interference will be allowed are narrow and restricted." Id. (citing Alexander v. Hagedorn, 226 S.W.2d
996, 998 (Tex. 1950)).



Discussion

 "A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer
subject to challenge by a motion for new trial or appeal." Cadwell v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004). Generally, to
prevail on a bill of review, a petitioner must allege, with particularity, sworn facts to demonstrate: (1) a meritorious defense
as to the cause of action upon which the judgment is based; (2) which he was prevented from making by virtue of the fraud,
accident, or wrongful act of the opposite party or official mistake; (3) unmixed with any fault or negligence of his own. Id. 
"This preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by
conducting a spurious 'full blown' examination of the merits." Baker v. Goldsmith, 582 S.W.2d 404, 408 (Tex. 1979). 
Although the October, 2001 Child Support Review Order which established the parent-child relationship between Canales
and J.M.C. was not based upon a fully contested trial on the merits, it was an agreed order, and such orders are final and
have a binding force like that of a final judgment rendered at the conclusion of an adversary proceeding. Cf. In re the
Office of the Attorney General of Texas, 193 S.W.3d 690, 692 (Tex. App.-Beaumont 2006, no pet.) (holding that agreed
orders in suits affecting the parent-child relationship are accorded the same degree of finality as a final judgment from an
adversary proceeding.) 

 In a petition for a bill of review, the petitioner must allege extrinsic fraud as distinguished from intrinsic fraud. Nelson v.
Chaney, 193 S.W.3d 161, 165 (Tex. App.-Houston [1st Dist.] 2006, no pet.); Tice v. City of Pasadena, 767 S.W.2d 700,
702 (Tex. 1989). "[F]ailure to plead extrinsic fraud will result in denial of the right to a trial by bill of review." Ince v. Ince,
58 S.W.3d 187, 190 (Tex. App.-Waco 2001, no pet.) (citing Tice, 767 S.W.2d at 700).

 Fraud is classified as either extrinsic or intrinsic. King Ranch v. Chapman, 118 S.W.3d 742, 552 (Tex. 2003). Extrinsic
fraud is fraud that denies a party the opportunity to fully litigate at trial all the rights or defenses that he could have asserted. 
Tice, 767 S.W.2d at 702. Extrinsic fraud is "wrongful conduct practiced outside of the adversary trial - such as keeping a
party away from court, making false promises of compromise, denying a party knowledge of the suit - that affects the
manner in which the judgment is procured." Ince, 58 S.W.3d at 190. "Extrinsic fraud is 'collateral' fraud in the sense that it
must be collateral to the matter actually tried and not something which was actually or potentially in issue in the trial." 
Montgomery v. Kennedy, 669 S.W.2d 309, 312 (Tex. 1984). 

 In contrast, intrinsic fraud "relates to the merits of the issues [that] were presented and presumably were or should have
been settled in the former action." Browing v. Prostock, 165 S.W.3d 336, 347-48 (Tex. 2005). Intrinsic fraud includes
fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court
in rendering judgment. Id. at 348. The Texas Supreme Court has noted that "when the fraudulent acts themselves are in
issue, or could have been in issue, in the prior proceeding, the fraud is intrinsic." Id. 

 In his bill of review, Canales alleged that Guerrero prevented him from asserting his rights because she did not advise him
that he was not the father of J.M.C., but rather told him and the Office of the Attorney General that it was not possible for
anyone but him to be the father. On appeal, Guerrero argues that Canales did not make a prima facie case to be entitled to a
bill of review hearing and he did not establish extrinsic fraud. We agree that Canales' pleadings do not establish the
requisites of a bill of review and lack the particularity necessary to establish a prima facie case. Because parentage was the
basis of the October, 2001 Child Support Review Order, and the alleged fraud was that of Guerrero, a party to the suit,
Canales' claim about Guerrero's misrepresentations of parentage asserts intrinsic, not extrinsic fraud. 

 Circumstances similar to those presented here were addressed by the Thirteenth Court of Appeals in Temple. The
complainant in Temple alleged that his former wife had represented to him that the child was his biological daughter while
concealing her knowledge of the true identity of the child's biological father. 161 S.W.3d at 225. Because paternity was an
issue involved in the original divorce proceeding, the court concluded that Temple "alleged only intrinsic fraud because his
'meritorious defense' could have been fully presented at the original proceeding." Id. at 226. Several other courts have held
that a lie about a child's parentage is intrinsic, not extrinsic fraud. See Nelson, 193 S.W.3d at 166 (holding fraud that could
have been litigated in the underlying paternity suit, including that of lying about a child's parentage, is intrinsic fraud); Ince,
58 S.W.3d at 191 (concluding that lying about the parentage of children during a divorce proceeding is intrinsic fraud).

 To prove extrinsic fraud, Canales had to present a prima facie case that Guerrero prevented him from having a fair
opportunity to assert that he was not J.M.C.'s father when the parent-child relationship was established by the Child Support
Review Order. See Ince, 58 S.W.3d at 190-91. Canales was put on notice by the very nature of the paternity proceeding that
he could avail himself of the defense of non-paternity and that he could obtain a DNA test to support his defense. See
Nelson, 193 S.W.3d at 166. Additionally, Canales presents no sworn facts showing that Guerrero prevented him from
availing himself of DNA testing at the time paternity was established. Therefore, his contention that he was prevented by
extrinsic fraud from establishing his non-paternity is without merit. (2) See id. 

 Canales did not meet the preliminary requirements for a bill of review proceeding because he did not allege sufficient facts
to show that (1) the 2001 Child Support Review Order was rendered as the result of extrinsic fraud, and (2) the Order was
rendered without the contribution of his own fault or neglect. We therefore hold that the trial court abused its discretion in
vacating the 2001 order based upon the allegations in Canales' petition for bill of review. 

Conclusion 

 We reverse the trial court's order granting bill of review relief and the court's order adjudicating the non-parentage of
Canales as to J.M.C., and we remand the cause to the trial court for further proceedings consistent with this opinion. 



 Catherine Stone, Justice



1. We acknowledge Canales' arguments that Guerrero has not properly briefed her arguments. We construe the briefing
rules liberally, Tex. R. App. P. 38.9, and determine that Guerrero's appellate points are sufficiently presented to allow the
Court to decide the case. 

2. We note that Canales cites Rogers v. Searle in his brief for the proposition that the Texas Supreme Court has held
fraudulent inducements leading to the signing of an order regarding termination of parental rights was extrinsic fraud. 544
S.W.2d 114, 115 (Tex. 1976). However, Rogers is distinct from the present case because paternity was not in dispute. The
alleged fraudulent representations in Rogers were made to induce the mother to execute an affidavit relinquishing her
parental rights. In contrast, Canales claims that Guerrero's false statements induced him to voluntarily admit paternity. 
Because parentage relates to the merits of the present case and because Canales had an opportunity to refute Guerrero's
claims by genetic testing, any fraud committed by Guerrero concerning Canales' paternity was intrinsic fraud.