**John David TEMPLE, Appellant,**

v.

**Ruth Ann ARCHAMBO, Appellee.**

**No. 13–02–555–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

March 24, 2005.

---

Sharon Trigo, Laredo, for appellant.

Michael James Krueger, Kingsville, for appellee.

Before Justices HINOJOSA, YAÑEZ and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Appellant John David Temple appeals from the denial of a petition for bill of review to overturn findings in a divorce decree relating to the issue of paternity. Temple was a party to an agreed decree of divorce entered in 1989. In 2000, Temple raised a challenge that he was not the father of R.M.T., the minor child in the divorce proceedings. Temple limits his sole issue to whether the trial court committed reversible error in refusing to order pre-trial paternity testing. We affirm.

### I. BACKGROUND

Temple and appellee Ruth Ann Archambo were divorced by an agreed decree on May 12, 1989. The divorce decree includes the signatures of both parties, reflecting their approval as to form and content. The decree states that the "parties have consented to the terms of this decree and stipulated it is a contract." The decree recites the trial court's finding that Temple and Archambo are the parents of the minor child, R.M.T., born on September 22, 1986. The decree includes orders for conservatorship, visitation, and support of the child.[1] Temple did not challenge his paternity at any time during the divorce proceedings. However, on September 11, 2000, Temple filed an original petition for bill of review, alleging R.M.T. did not resemble him or any member of his family. Temple attached to his petition a copy of a DNA paternity report prepared by Identigene. Temple alleged that: (1) DNA paternity testing excluded him as the father of the child;[2] (2) Archambo's fraudulent

---

1. A finding of fact in a divorce decree that a child was born to the marriage of the parties is a binding determination that the husband is the father of the child. *See Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex.1993).

2. Identigene, the company that performed the testing, issued a disclaimer on its report attached to the live pleading:

    Identigene expressly disclaims any and all responsibility for the accuracy and validity of this report. The collection of specimens

conduct in representing R.M.T. as his biological child precluded him from raising the paternity issue earlier; and (3) his actions regarding the judgment that he was R.M.T.'s father were not intentional or the result of negligence on his part because he had no evidence then that he was not the child's biological father. Temple sought to reform the divorce decree, terminate future child support payments, and recover all child support payments already made. By separate motion, Temple requested court-ordered paternity testing that was scientifically acceptable for use in a court of law.[3] In her verified answer, Archambo stated she had "no knowledge that would confirm that John Temple is not the biological father of [R.M.T.]. She was conceived and born within our marriage which was inclusive from December 23, 1981 to May 12, 1989."

The trial court conducted a preliminary hearing on Temple's petition for bill of review to determine whether he presented a prima facie case of a meritorious ground on appeal. The trial court took judicial notice of the file, considered the pleadings, and heard the arguments of counsel. Following the hearing, the trial court denied and dismissed the petition for bill of review and other relief. This appeal ensued.

The trial court denied Temple's request for paternity testing. Initially, we are faced with the unique question of whether a petitioner in a bill of review proceeding must establish his prima facie case for the granting of a bill of review before he may proceed with discovery in the portion of the suit to set aside the earlier judgment which has become final. *Spears v. Haas,* 718 S.W.2d 756, 758 (Tex.App.-Corpus

Christi 1986, orig. proceeding). In *Spears,* we held that, as a general rule, discovery is appropriate prior to the pretrial hearing at which the petitioner must prove his prima facie case for bill of review. *Id.* However, the general rule does not encompass serology testing to determine paternity until after the prima facie case has been established. *See id.* We concluded that serological testing would not in any manner aid the petitioner in establishing the elements necessary to show the prima facie grounds of fraud, accident, wrongful act of opposing party, or official mistake. *See id.* After determining that the petitioner did not plead or prove his prima facie case on his petition for bill of review, we concluded the trial court did not abuse its discretion in denying paternity testing and denied mandamus relief. *Id.*

Thus, to determine whether the trial court abused its discretion in denying paternity testing here, we first determine whether Temple pled and proved his prima facie case on his petition for bill of review. *Id.*

## II. BILL OF REVIEW

### A. Adequate Pleading

■ Upon the expiration of the trial court's plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law. *See* Tex.R. Civ. P. 329b(f). A bill of review is an equitable action brought by a party to a prior action who seeks to set aside a judgment that is no longer appealable or subject to a motion for new trial. *State v.*

---

for the performance of paternity testing and analysis that forms the basis for this report was not in compliance with Identigene established chain of custody guidelines, thus the results of this report can not be considered to be a scientifically accepted paternity test for use in a court of law.

3. The motion apparently responds to Archambo's special exceptions addressing Identigene's disclaimer in note 2.

*1985 Chevrolet Pickup Truck,* 778 S.W.2d 463, 464 (Tex.1989) (per curiam) (op. on reh'g); *Mowbray v. Avery,* 76 S.W.3d 663, 682 (Tex.App.-Corpus Christi 2002, pet. denied).

▉ The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point. *King Ranch v. Chapman,* 118 S.W.3d 742, 751 (Tex.2003) (citing *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (Tex.1950)); *see Transworld Fin. Servs. Corp. v. Briscoe,* 722 S.W.2d 407 (Tex.1987); *Montgomery v. Kennedy,* 669 S.W.2d 309, 312 (Tex. 1984). The burden on a bill of review petitioner is heavy. *See Layton v. Nationsbanc Mortg. Corp.,* 141 S.W.3d 760, 763 (Tex.App.-Corpus Christi 2004, no pet.).

▉ Before a litigant can successfully invoke the equitable powers of the court and secure a bill of review to set aside a final judgment, he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) which he was prevented from making by the fraud, accident or wrongful act of the opposing party; (3) unmixed with any fault or negligence of his own. *King Ranch,* 118 S.W.3d at 752 (citing *Hagedorn,* 226 S.W.2d at 998); *see also Wembley Inv. Co. v. Herrera,* 11 S.W.3d 924, 927 (Tex.1999); *Baker v. Goldsmith,* 582 S.W.2d 404, 407–08 (Tex.1979). The petitioner must further allege, with particularity, sworn facts sufficient to constitute a meritorious defense and, as a pretrial matter, present prima facie proof to support the contention. *1985 Chevrolet Pickup Truck,* 778 S.W.2d at 464.

▉ This preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious "full-blown" examination of the merits. *Baker v. Goldsmith,* 582 S.W.2d 404, 408 (Tex.1979). The relevant inquiry is not whether "the result would probably be different" on retrial. *Id.* Such a test would require the court to weigh the evidence. *Id.* Rather, a prima facie meritorious defense is made out when it is determined that the complainant's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered. *Id.*

## B. The Prima Facie Proof of a Meritorious Defense

▉ Prima facie proof may be comprised of documents, answers to interrogatories, admissions, and affidavits on file along with such other evidence that the trial court may receive in its discretion. *Id.* The bill of review defendant may respond with like proof showing that the defense is barred as a matter of law, but factual questions arising out of factual disputes are resolved in favor of the complainant for the purposes of this pretrial, legal determination. *Id.* If the court determines that a prima facie meritorious defense has not been made out, the proceeding terminates and the trial court shall dismiss the case. *Id.* On the other hand, if a prima facie meritorious defense has been shown, the court will conduct a trial. *Id.* In any event, only one final judgment may be rendered in a bill of review proceeding either granting or denying the requested relief. *Id.*

## C. Extrinsic or Intrinsic Fraud

▉ A petition for bill of review must be filed within four years of the date of the disputed judgment. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.051 (Vernon 1997); *Caldwell v. Barnes,* 975 S.W.2d 535, 538 (Tex.1998). The only exception to the four-year limitation is where the petitioner

proves *extrinsic* fraud. *Manley v. Parsons,* 112 S.W.3d 335, 338 (Tex.App.-Corpus Christi 2003, pet. denied) (emphasis added).

Fraud is classified as either extrinsic or intrinsic. *King Ranch,* 118 S.W.3d at 752. Extrinsic fraud is fraud which denies a party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted. *Id.* (citing *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989) (orig. proceeding)). It is wrongful conduct practiced outside of the adversary trial—such as keeping a party away from court, making false promises of compromise, denying a party knowledge of the suit—that affects the manner in which the judgment is procured. *Ince v. Ince,* 58 S.W.3d 187, 190 (Tex.App.-Waco 2001, no pet.) Extrinsic fraud is collateral fraud in the sense that it must be "collateral" to the matter actually tried and not something which was actually or potentially in issue in the trial. *Montgomery,* 669 S.W.2d at 312.

Intrinsic fraud, by contrast, relates to the merits of the "issues which were presented and resolved—or could have been resolved—in the former action." *Ince,* 58 S.W.3d at 190. Within that term are included such matters as fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering the judgment assailed. *Hagedorn,* 226 S.W.2d at 1001. Intrinsic fraud is "inherent in the matter considered and determined before the trial court 'where the fraudulent acts pertain to an issue involved in the original action, or where the acts constituting the fraud were, or *could have been* litigated therein.' " *Montgomery,* 669 S.W.2d at 313 (emphasis added) (citing *Mills v. Baird,* 147 S.W.2d 312, 316 (Tex.Civ.App.-Austin 1941, writ ref'd)); *see also Amanda v. Montgomery,* 877 S.W.2d 482, 488 (Tex.App.-Houston [1st Dist.] 1994, orig. proceeding) (Hedges, J., concurring) (providing an expanded analysis of intrinsic and extrinsic fraud).

Only extrinsic fraud will entitle one to relief through a bill of review. *King Ranch,* 118 S.W.3d at 752 (citing *Tice,* 767 S.W.2d at 702). Intrinsic fraud will not support a bill of review because each party must guard against adverse findings on issues directly presented. *Id.* "Issues underlying the judgment attacked by a bill of review are intrinsic and thus have no probative value on the fraud necessary to a bill of review." *Id.* (citing *Tice,* 767 S.W.2d at 702).

Although a bill of review is an equitable proceeding, the fact that an injustice may have occurred is not sufficient to justify relief by bill of review. *Wembley,* 11 S.W.3d at 927; *Crouch v. McGaw,* 134 Tex. 633, 138 S.W.2d 94, 96 (1940) (a bill of review requires "something more than injustice").

### D. Standard of Review

We review the granting or denial of a bill of review under an abuse of discretion standard. *Parsons,* 112 S.W.3d at 337. When the inquiry on the bill of review concerns a question of law, such as whether appellant presented prima facie proof of a meritorious defense, we review the trial court's decision de novo. *Baker,* 582 S.W.2d at 409; *Parsons,* 112 S.W.3d at 337 n. 2. We review a trial court's order denying serology testing under an abuse of discretion standard. *Haas,* 718 S.W.2d at 758. A court abuses its discretion if it acts without reference to guiding rules and principles or if its actions were arbitrary and unreasonable. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *see also City of San*

*Benito v. Rio Grande Valley Gas Co.,* 109 S.W.3d 750, 757 (Tex.2003).

### III. DISPOSITION

A divorce case involving children of the marriage is actually two separate lawsuits. *In re Marriage of Morales,* 968 S.W.2d 508, 511 (Tex.App.-Corpus Christi 1998, no pet.). Thus, if the parties to a divorce proceeding are the parents of a child, any suit for dissolution of their marriage must include a suit affecting the parent-child relationship ("SAPCR"). Tex. Fam.Code Ann. § 6.406(b) (Vernon 1998); *Morales,* 968 S.W.2d at 511. This joinder is mandatory. *Morales,* 968 S.W.2d at 511. Failure to follow joinder mandated by statute renders a judgment void. *Daniels v. Daniels,* 45 S.W.3d 278, 282 (Tex. App.-Corpus Christi 2001, no pet.); *see also Minga v. Perales,* 603 S.W.2d 240, 241 (Tex.Civ.App.-Corpus Christi 1980, no writ). The final judgment of divorce in this matter was entered in 1989. The decree adjudged the parent-child relationship between Temple and the minor child and became final.

In 2000, Temple filed his application for a bill of review, in which he sought for the first time to challenge his paternity of the child. The petition was not filed within the four-year statute of limitations. Tex. Civ. Prac. & Rem.Code Ann. § 16.051 (Vernon 1997); *Barnes,* 975 S.W.2d at 537; *Parsons,* 112 S.W.3d at 338. Temple's petition must therefore allege and prove a prima facie case that his complaint was not barred as a matter of law and that he would be entitled to judgment on retrial if no contrary evidence was offered. *Haas,* 718 S.W.2d at 758. Temple had the burden to plead and prove extrinsic fraud, the absence of his own fault or negligence, and a meritorious defense to the cause of action supporting the judgment. *Parsons,* 112 S.W.3d at 337.

As a pretrial matter, Temple must have presented prima facie proof of all these contentions, including specific sworn facts sufficient to constitute a meritorious defense. *Haas,* 718 S.W.2d at 758; *Amanda,* 877 S.W.2d at 485. In the pre-trial hearing, the only relevant inquiry is whether the complainant has presented prima facie proof of the meritorious defense. *Amanda,* 877 S.W.2d at 486.

### A. Adequacy of the Pleading

Temple alleged that his former wife had represented to him that the child was his biological daughter, but that it had become apparent that the child did not resemble him. He alleged that paternity testing excluded him as the father of the child.

On appeal, Temple argues that pre-trial discovery is proper before any final determination of whether or not he may proceed with a bill of review. As we have noted, before being entitled to proceed to a hearing on the issue of whether there is a meritorious defense, the complainant must meet the initial requirement of adequately alleging fraud and the absence of negligence. *Id.* Failure to plead extrinsic fraud will result in denial of the right to a trial by bill of review. *Ince,* 58 S.W.3d at 190 (citing *Tice,* 767 S.W.2d at 702).

We have reviewed the pleadings as we must. Temple's pleadings do not establish the requisites of a bill of review and lack the particularity necessary to establish a prima facie case. Specifically, Temple has not pleaded extrinsic fraud. *Haas,* 718 S.W.2d at 758. Paternity, although not contested, was an issue agreed to by the parties and addressed and resolved by the trial court. *See Ince,* 58 S.W.3d at 190. The decree establishes the parent-child relationship. Temple did not allege any act on the part of Archambo that prevented

him from contesting the issue of paternity. *See id.* He did not allege that he could not contest paternity at the final divorce hearing or that he was denied that defense as a matter of law. We conclude that Temple alleged only intrinsic fraud because his "meritorious defense" could have been fully presented at the original proceeding. *See id.*

Circumstances similar to those presented here were addressed by the court in *Amanda v. Montgomery,* 877 S.W.2d at 488. In *Amanda,* the complainant alleged that the child's mother concealed her knowledge of the identity of the child's biological father. *Id.* The court concluded this was an allegation of intrinsic fraud because it pertained to paternity, an issue involved in the original action. *Id.* The court concluded that "paternity was an issue in the divorce, whether or not the issue was actually contested." *Id.* The divorce decree's declaration that the complainant was the child's father meant that paternity was a matter "considered and determined" in the divorce proceeding. *Id.; see also Ince,* 58 S.W.3d at 190 (all the issues relating to paternity "were fully litigated or could have been fully litigated"); *Martindale v. Reno,* 132 S.W.3d 462, 465 (Tex.App.-Eastland 2003, no pet.) (holding that alleged fraud was not extrinsic fraud, and fact that paternity was not contested in underlying divorce did not mean it could not have been).

▮▮ Temple alleged fraudulent misrepresentation of the true paternity of R.M.T. However, this is intrinsic fraud concerning an issue "that was admitted, uncontested, and settled in the divorce proceeding: parentage of the child born of the marriage."

*Wise v. Fryar,* 49 S.W.3d 450, 455 (Tex. App.-Eastland 2001, pet. denied), *cert. denied,* 534 U.S. 1079, 122 S.Ct. 808, 151 L.Ed.2d 694 (2002).[4] Only extrinsic fraud will be sufficient to grant relief by bill of review; "the equitable remedy ... is not available to challenge the prior choices a party has made concerning issues which have been litigated and resolved in a final, unappealed judgment." *Id.* at 456; *see generally Tice,* 767 S.W.2d 700.

We pause to emphasize that the question before us is a procedural one which does not involve the validity or propriety of paternity testing. *See Reno,* 132 S.W.3d at 463. Temple's reliance upon *W.K. v. M.H.K.,* 719 S.W.2d 232, 233 (Tex. App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.) is misplaced. That case, although addressing the propriety and weight of DNA testing, involved a direct and timely appeal from an adjudicated divorce. The appellant did not bear the same burden of proof as one who seeks relief through a bill of review. Similarly, *In the Interest of S.C.V.,* 750 S.W.2d 762 (Tex.1988), involved a paternity suit and a direct appeal from a final trial and judgment. *See id.* The admissibility of DNA testing is not at issue here.

Our review also does not extend to whether Temple is the father of R.M.T. *See Reno,* 132 S.W.3d at 463. The question before us is whether Temple met the requirements necessary for him to establish that he was entitled to relief by bill of review. *Id.* We find that he did not. Temple alleged intrinsic fraud. He attacked paternity, an issue underlying the decree of divorce. Because intrinsic fraud will not support a bill of review, Temple's

---

4. The court rejected any claim that denial of the petition for bill of review violated state or federal constitutional rights of due process and equal protection by taking the petitioner's property in the form of child support and by preventing him from presenting DNA evidence concerning paternity. *Wise v. Fryar,* 49 S.W.3d 450, 456 (Tex.App.-Eastland 2001, pet. denied), *cert. denied,* 534 U.S. 1079, 122 S.Ct. 808, 151 L.Ed.2d 694 (2002).

pleading was insufficient. *See King Ranch,* 118 S.W.3d at 752 (noting that this type of fraud has no probative value on the fraud necessary to a bill or review).

## B. Adequacy of the Prima Facie Proof

The proof of paternity Temple attached to the petition contains a disclaimer regarding the accuracy and validity of the report. The disclaimer establishes that the chain of custody for the collected specimen was not compliant with the company's guidelines and, thus, the reported result "can not be considered to be a scientifically accepted paternity test for use in a court of law." In his motion, Temple requested paternity testing "which is scientifically accepted to use in a court of law." In his affidavit attached to the petition, Temple verified the petition but did not deny paternity. Archambo attested that the child was conceived and born during the marriage. Contrary to Temple's allegation, Archambo stated that R.M.T. resembled Temple. As we have already concluded, Temple's allegations concern paternity and, thus, intrinsic fraud. We conclude that the record is devoid of evidence of extrinsic fraud.

### C. Serology Testing

Because Temple did not plead or prove his prima facie case on his petition for bill of review, we cannot conclude that the trial court acted without reference to guiding rules and principles or that its actions were arbitrary and unreasonable. *Downer,* 701 S.W.2d at 241–42.

### IV. CONCLUSION

Temple could not proceed with his bill of review because: (1) he did not allege or prove extrinsic fraud; and (2) he did not allege with particularity sworn facts sufficient to constitute a meritorious defense and thus, as a pretrial matter, did not

present prima facie proof to support the defense. *Baker,* 582 S.W.2d at 408–09. Accordingly, the trial court did not err in dismissing his petition. We conclude the trial court did not abuse its discretion in denying pre-trial paternity testing. *Haas,* 718 S.W.2d at 758. We affirm.