

## NUMBER 13-09-00275-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN THE INTEREST OF M.I.V., A CHILD

**On appeal from 24th District Court
of Refugio County, Texas.**

## MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant Willie James Coleman challenges the trial court's dismissal of his bill of review in this paternity case. By one issue, Coleman contends that the trial court erred in granting the motion to dismiss his bill of review filed by the Office of the Attorney General of Texas (OAG), because as an "adjudicated-by-default" parent, Coleman should be permitted to challenge paternity under the same statutory provision available to "acknowledged" parents. *See* TEX. FAM. CODE ANN. § 160.308 (Vernon 2008). We affirm.

## I. BACKGROUND

On May 14, 2007, the OAG issued a non-agreed child support review order (CSRO), which stated that Coleman was the biological father of M.I.V., a child born to Monica Vasquez on September 11, 2006. The CSRO designated Coleman and Vasquez as joint managing conservators and obliged Coleman to pay Vasquez $573.00 per month in child support for M.I.V. On May 29, 2007, the OAG filed a petition with the trial court to confirm the non-agreed CSRO, and service of process was issued on May 30, 2007. A verified return of service appears in the record, in which the sheriff states that, on June 12, 2007, he personally served Coleman with citation and copies of the OAG's petition and CSRO. It is undisputed that Coleman did not appear, answer the petition, or otherwise contest the CSRO, and on July 23, 2007, the trial court entered its order confirming the non-agreed CSRO. Coleman filed no motion for new trial or any other direct appeal of the trial court's order, and monthly child support was thereafter withheld from Coleman's paycheck.

On February 19, 2009, Coleman filed a petition for bill of review. In his petition, Coleman claimed that he did not receive notice of the proceedings to establish the parentage of and child support for M.I.V. until July 27, 2007. Coleman attached his affidavit and an affidavit by Gloria Lopez, Coleman's significant other, in support of his petition. In their affidavits, both Coleman and Lopez attested that they were unaware of M.I.V. and the child support and parentage case until July 2007. Coleman's petition further alleged the following:

> Due to lack of Notice the Petitioner was unable to present a [sic] his meritorious defense of parentage. At the time parentage was adjudicated by default, no genetic evidence existed or was ordered to establish paternity. On or about February 12, 2009 a Final Certificate of Analysis [] was returned to Petitioner which concluded Petitioner had a 0.0000% [sic] of being the father of the child at the basis of this Petition.

> . . . Petitioner has no adequate legal remedy now available to avoid the effect of the Child Support Order signed on July 23, 2007. Petitioner did not have the financial ability to act in order to discover he was not the father of the child until more than thirty days after [the] order was signed. . . .

Coleman attached as another exhibit to his petition a document entitled "Final Certificate of Analysis," which Coleman claims contains the results of genetic testing that proves he is not the father of M.I.V.

The OAG answered Coleman's petition and filed a motion to dismiss the petition on the grounds that Coleman's pleadings were deficient to invoke the trial court's jurisdiction over his bill of review petition. On April 15, 2009, the trial court held a hearing on Coleman's petition and the OAG's motion to dismiss, and on April 30, 2009, the trial court issued an order dismissing Coleman's petition. This appeal followed.

## II. STANDARD OF REVIEW

We review the trial court's grant or denial of a bill of review for an abuse of discretion. *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.–Corpus Christi 2005, no pet.). In reviewing the trial court's determination, we indulge every presumption in favor of the court's ruling. *Garza v. Attorney Gen. of Tex.*, 166 S.W.3d 799, 808 (Tex. App.–Corpus Christi 2005, no pet.). A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner or without reference to guiding rules and principles. *Id.*

## III. DISCUSSION

By one issue, Coleman contends that the trial court erred in granting the OAG's motion to dismiss his bill of review because an "adjudicated-by-default" parent should not be prohibited from requesting genetic testing under the four-year challenging period provided to "acknowledged" parents under the family code. *See* TEX. FAM. CODE ANN. §

3

160.308 (providing that "a signatory of an acknowledgment of paternity . . . may commence a proceeding to challenge the acknowledgment . . . on the basis of fraud, duress, or material mistake of fact . . . before the fourth anniversary of the date the acknowledgment . . . is filed").  However, we do not reach Coleman's argument under the family code because, as a threshold matter, he is not entitled to a bill of review under the facts of this case.

"A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004).  Because the procedure conflicts with the fundamental policy that judgments must become final at some point, the grounds upon which a bill of review can be obtained are narrow.  *Temple*, 161 S.W.3d at 223.  Thus, the burden on a bill of review movant is a heavy one.[1]  *Id.*

At the outset, "to invoke the equitable powers of the court," the bill of review movant must file a petition that "allege[s] factually and with particularity" that the prior judgment was rendered as the result of fraud, accident, wrongful act of the opposite party, or official mistake "unmixed" with the movant's own negligence.  *Baker v. Goldsmith*, 582 S.W.2d

---

[1]Generally, bill of review movants must plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the movants were prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, and that was (3) unmixed with any fault or negligence on their own part. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004).  In cases where the movant petitions for a bill of review based solely on non-service, the movant is relieved of establishing the first two elements, and proof of non-service conclusively establishes the third element.  *Id.* at 96-97.  However, it is not entirely clear from Coleman's petition whether or not he is alleging non-service; his petition and supporting affidavits merely state he had no "notice" of the proceedings and was not "aware" of M.I.V. or the proceedings.  In light of the verified sheriff's return of service in the record, we conclude that Coleman was not alleging non-service.  And even if we were to assume that he alleged non-service, Coleman's bill of review petition is not based solely on that claim—he also bases his petition on what he appears to contend is a mistake of fact and/or newly discovered evidence regarding the parentage of M.I.V., as purportedly revealed by genetic testing.  We therefore conclude that the arguably lesser burden placed on bill of review movants solely alleging non-service does not apply to the facts of this case.  *See In re Office of the Attorney Gen.*, 276 S.W.3d 611, 618 (Tex. App.–Houston [1st Dist.] 2008, orig. proceeding).

4

404, 408 (Tex. 1979); *In re Office of the Attorney Gen.*, 276 S.W.3d 611, 618 (Tex. App.–Houston [1st Dist.] 2008, orig. proceeding). The movant "must further allege, with particularity, sworn facts sufficient to constitute [a] defense and, as a pretrial matter, present prima facie proof to support the contention." *Baker*, 582 S.W.2d at 408. A prima facie meritorious defense is established if the movant's defense is not barred as a matter of law and he would be entitled to judgment on retrial if no contrary evidence is offered; this is a question of law for the trial court. *Id.* at 408-09.

Here, we will assume, without deciding, that Coleman alleged facts constituting a meritorious defense to the underlying cause of action by implying in his petition that the adjudication of M.I.V.'s parentage was erroneous because genetic testing purportedly shows Coleman is not M.I.V.'s father. However, Coleman nonetheless wholly failed to allege any facts in his petition for bill of review that the default judgment rendered against him was the result of fraud, accident, wrongful act of the OAG, or official mistake. As a result, his pleading was insufficient to invoke the equitable powers of the trial court, *see Baker*, 582 S.W.2d at 408, and Coleman failed to meet his heavy burden to allege facts establishing the narrow grounds for a bill of review. *See Temple*, 161 S.W.3d at 223. We therefore conclude that the trial court did not abuse its discretion in dismissing Coleman's petition. *See Garza*, 166 S.W.3d at 808. Coleman's sole issue is overruled.

## IV. Conclusion

The order of the trial court dismissing Coleman's petition for bill of review is affirmed.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
3rd day of June, 2010.

5