

NUMBER 13-16-00351-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOAN PRICE,                                                              Appellant,

v.

THE UNIVERSITY OF TEXAS AT
BROWNSVILLE TEXAS SOUTHMOST
COLLEGE,                                                                Appellee.

**On appeal from the 357th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Hinojosa
Memorandum Opinion by Justice Contreras**

Appellant Joan Price contends that the trial court erred in dismissing her petition

for bill of review. Price sought by her petition to vacate an earlier judgment denying

reinstatement of a suit she filed against appellee, the University of Texas at Brownsville-

Texas Southmost College (UTB-TSC).[1]  By one issue, Price argues that she was entitled to a hearing on the petition because she met all the requirements for a bill of review.  We affirm.

## I. BACKGROUND

### A.    Underlying Suit

Price filed suit against UTB-TSC in August of 2011 for disability discrimination and retaliation under the Texas Labor Code.  *See* TEX. LAB. CODE ANN. ch. 21 (West, Westlaw through 2017 1st C.S.).  Specifically, she alleged that she was forced to resign from her position as an art historian in 2005, that UTB-TSC discriminated against her when it failed to rehire her in 2009, and that she was retaliated against when it failed to rehire her in 2010.

UTB-TSC answered the suit generally denying the allegations and setting forth various affirmative defenses.  On April 11, 2012, the trial court rendered an "Order Setting Trial Date Telephonic Conference" stating that a conference would be held on April 24, 2012, and that "[t]he purpose of this hearing is to agree on a Trial date."  On June 4, 2012, the trial court rendered an "Agreed Docket Control Order" setting various discovery deadlines and setting a trial date of November 5, 2012.

On October 3, 2012, UTB-TSC filed a plea to the jurisdiction and motion for summary judgment asserting that Price's suit is barred by sovereign immunity because, among other things:  (1) there was no position available for which she could be hired, and (2) the suit was untimely filed.  *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253

---

[1] In 2015, the University of Texas at Brownsville merged with the University of Texas-Pan American to become the University of Texas-Rio Grande Valley, and Texas Southmost College became an autonomous institution.  We refer to appellee as UTB-TSC because that was the name used at the time Price's suit was filed and dismissed.

S.W.3d 653, 660 (Tex. 2008) (holding that sovereign immunity is waived for discrimination suits brought under the labor code if "the procedures outlined in the statute have been met"); *see also LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444, 448 (5th Cir. 1996) (holding that, to show discrimination, a plaintiff must show that there was an "available employment position" for which he or she was qualified but not hired). The trial court set a hearing on the plea to the jurisdiction and summary judgment motion for October 29, 2012. UTB-TSC then filed a "Motion for Extension of Docket Control Order [or] Alternatively Motion For Continuance" (the Motion to Continue) asking to delay the discovery deadlines and the trial setting because UTB-TSC's counsel was set for trial in another cause on October 29, 2012 and had a conference in federal court scheduled for October 31, 2012.[2] The trial court ordered that the Motion to Continue be heard on October 29, 2012 along with the other motions.

Price's counsel then faxed a letter to the trial court coordinator dated October 25, 2012, stating that he also had conflicts on October 29 to 31, 2012 and would not be available on those dates. Price's counsel stated in the letter that he is in agreement with UTB-TSC's Motion to Continue, and he requested that the court "not penalize my client for my failure to appear on October 29, 2012." He attached to the letter a copy of an "Agreed Motion for Extension of Docket Control Order [or] Alternatively Motion For Continuance" which he signed but which was not signed by UTB-TSC's counsel.[3]

---

[2] On appeal, UTB-TSC asserts that its Motion to Continue did not seek to postpone the October 29, 2012 plea to the jurisdiction hearing. However, the motion explained that UTB-TSC's counsel would be unavailable on October 29, and the plea to the jurisdiction hearing was the only proceeding set for that date.

[3] Price's counsel noted in the letter that, prior to filing the Motion to Continue, UTB-TSC's counsel had contacted him to ask whether he was in agreement with the motion. According to the letter, Price's counsel agreed to the motion and signed it but, "for whatever reason," the signed agreed motion was not returned to UTB-TSC's counsel until after October 15, 2012, and so UTB-TSC filed the motion instead as

3

Nevertheless, the hearing went forward on October 29, 2012. UTB-TSC's counsel appeared, but Price's counsel did not. At the hearing, the trial court remarked that there was nothing in his file indicating that Price's counsel had communicated his unavailability to the court. The trial court then granted UTB-TSC's plea to the jurisdiction without addressing its motion for summary judgment or its Motion to Continue. A written judgment granting the plea to the jurisdiction and dismissing Price's suit was rendered that day.

## B. Motion to Reinstate

On November 28, 2012, Price filed a motion to reinstate the case under Texas Rule of Civil Procedure 165a(3), arguing that her counsel provided "sufficient justification" for his failure to appear on October 29, 2012,[4] and requesting an oral hearing on the matter. *See* TEX. R. CIV. P. 165a(3) (providing that, after dismissing a suit for want of prosecution, "[t]he court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney [to appear] was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained"). UTB-TSC filed a response arguing that Rule 165a(3) does not apply because the case was dismissed for want of jurisdiction, not for want of prosecution.

The record shows that, on January 9, 2013, the trial court rendered another "Order

---

an opposed motion.

[4] Price's motion to reinstate argued specifically:

[T]he Court should reinstate this cause of action because Plaintiff['s] counsel has provided sufficient justification for his non-appearance at the hearings on October 29, 201[2] and for the lack of filing a response to the Plea to the Jurisdiction because Plaintiff's counsel did not waive the 21-day notice requirement. The Court should not have been able to hear the motion without having previously granting leave for the Motion for Summary Judgment to be filed within the 21 days as required by Rule 166a(c).

*See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, with notice to opposing counsel, [a motion for summary judgment] and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing.").

Setting Trial Date Telephonic Conference," this time setting a hearing for January 29, 2013. Again, the order stated: "The purpose of this hearing is to agree on a Trial date." On appeal, Price argues that this order implied that her motion to reinstate had been granted. On January 29, 2013, the parties and the court apparently realized that the January 9, 2013 order was issued in error, that the cause was not ready to be set for trial and that, instead, a hearing should be set on the motion to reinstate. The trial court later rendered an order setting a hearing on Price's motion to reinstate for February 28, 2013.

On April 8, 2013, the trial court rendered an order concluding that the motion to reinstate had been overruled by operation of law on January 12, 2013, and that the trial court lost plenary power to grant the motion on February 11, 2013.[5] The April 8, 2013 order set forth that, under the plain language of the October 29, 2012 judgment, Price's suit was dismissed pursuant to UTB-TSC's plea to the jurisdiction and not for want of prosecution; therefore, Price "should have filed a motion for new trial [under Texas Rule of Civil Procedure 329b], not a motion to reinstate." In any event, according to the April 8 order, "whether proceeding under Rule 165a or Rule 329b, the applicable time periods to consider [Price]'s motion to reinstate have expired." *See* TEX. R. CIV. P. 165a(3) (providing that a motion to reinstate a case previously dismissed for want of prosecution is generally considered overruled by operation of law if it is not decided by written order within 75 days after the judgment is signed); TEX. R. CIV. P. 329b(c) (providing that a motion for new trial is considered overruled by operation of law if it is not decided by

---

[5] The April 8, 2013 order was signed by the Honorable Manuel Bañales, who was assigned to the 357th Judicial District for that week by the Presiding Judge of the Fifth Administrative Judicial Region. The order notes that the elected judge of that court, the Honorable Leonel Alejandro, had resigned effective December 31, 2012; that the Honorable Menton Murray was assigned to that court from January 1, 2013 to February 19, 2013; and that since that time, "other Judges have been assigned from week to week or other time periods to preside over the Court."

written order within 75 days after the judgment is signed); TEX. R. CIV. P. 329b(e) ("If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.").

## C.    Petition for Bill of Review

Price filed the instant petition for bill of review on January 27, 2016, asking to reinstate the underlying suit. The petition argues that the failure of her counsel to appear at the October 29, 2012 hearing was neither intentional nor the result of conscious indifference, but was instead the result of counsel having to appear at previously-scheduled hearings in unrelated cases. The petition further contends that

> the Court's plenary power should have been extended an additional 30 days because the Court erred in sending an Order for setting the case for trial. Without such an Order, [Price] would have set her case for a hearing within the normal 105-day window for the Court to rule on the Motion to Reinstate. However, due to an error by the Court, [Price] did not file the Notice for Hearing until January 31, 2013; and because of scheduling issues with both parties, the hearing could not be held any earlier than February 14, 2013.

In response to the petition, UTB-TSC filed a plea to the jurisdiction contending that Price has not presented prima facie proof of the elements necessary to obtain a bill of review. No evidence was attached to the plea.

After a hearing on June 2, 2016,[6] the trial court granted UTB-TSC's plea to the jurisdiction and dismissed Price's petition for bill of review. This appeal followed.

---

[6] UTB-TSC's counsel appeared, but Price's counsel did not appear, at the June 2, 2016 hearing. The court, the Honorable Juan A. Magallanes presiding, remarked: "Well, it seems to me if [Price's counsel] is not interested in defending his bill of review and he doesn't have the temerity to call or show up, then your motion is well taken and it will be granted."

6

## II. Discussion

### A.     Standard of Review and Applicable Law

A bill of review is an equitable proceeding to set aside a judgment that is not void on the face of the record but is no longer appealable or subject to a motion for new trial. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). Courts narrowly construe the grounds on which a plaintiff may obtain a bill of review due to Texas's fundamental public policy favoring the finality of judgments. *Mabon Ltd. v. Afri–Carib Enters., Inc.*, 369 S.W.3d 809, 812 (Tex. 2012); *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950). To obtain an equitable bill of review, a petitioner must generally plead and provide prima facie proof of: (1) a meritorious claim or defense to the judgment; (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act; (3) unmixed with any fault or negligence on the petitioner's own part. *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015); *King Ranch, Inc.*, 118 S.W.3d at 752; *Baker*, 582 S.W.2d at 408; *Alexander*, 226 S.W.2d at 998.

Ordinarily, we review the denial of a bill of review under an abuse of discretion standard. *Temple v. Archambo*, 161 S.W.3d 217, 224 (Tex. App.—Corpus Christi 2005, no pet.). Here, however, the order on appeal granted UTB-TSC's plea to the jurisdiction on Price's petition for bill of review. Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The plaintiff has the initial burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air*

7

*Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228.

## B.   Analysis

Whether the trial court had subject matter jurisdiction to consider Price's petition for bill of review is a different question than whether the petition was actually meritorious. Courts have consistently held that a trial court generally lacks jurisdiction over a bill of review proceeding if it is not the same court that rendered the challenged judgment. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010) ("Because it is a direct attack, a bill of review must be brought in the court that rendered the original judgment, and only that court has jurisdiction over the bill."); *In re John G. Kenedy Mem'l Found.*, 159 S.W.3d 133, 141 (Tex. App.—Corpus Christi 2004, no pet.) (same). That is not to say, however, that a trial court has jurisdiction over *any* bill-of-review proceeding contesting that court's own prior judgment. For example, a trial court may arguably lack jurisdiction to consider such a petition if, as here, the bill-of-review defendant is a governmental entity that is immune to suit unless the Legislature has clearly and unambiguously waived immunity. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 329 (Tex. 2006) (citing TEX. GOV'T CODE ANN. § 311.034 (West, Westlaw through 2017 1st R.S.)). Though Price alleged in her underlying suit that UTB-TSC's immunity was waived by the Texas Labor Code, she did not explain in her petition for bill of review whether or how UTB-TSC's governmental immunity has been waived for the equitable bill of review proceeding.

8

In any event, though the parties cite no case law directly on point, and we find none, they appear to agree that the trial court had jurisdiction over Price's petition for bill of review if and only if Price made a prima facie showing of the three equitable elements as set forth above. *See Valdez*, 465 S.W.3d at 226. We will assume, but not decide, that this is the proper standard to apply in the present case.

We find that Price failed to make such a showing. In her petition for bill of review, Price argued that: (1) her motion to reinstate was meritorious[7]; (2) there were two "official mistakes" that prevented her from "having her day in court"[8]; and (3) her counsel was not negligent. *See id*. In its plea to the jurisdiction, UTB-TSC argued in part that Price failed to make a prima facie showing of the first bill-of-review element—a meritorious claim— because, among other things, her underlying suit was untimely filed.

We agree. To maintain a discrimination suit under the labor code, a complainant must first exhaust his or her administrative remedies by filing a complaint with the Texas Workforce Commission (TWC). *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991); *El Paso Cty. v. Vasquez*, 508 S.W.3d 626, 633 (Tex. App.—El Paso 2016, pet. denied); *see* TEX. LAB. CODE ANN. § 21.201. If TWC dismisses the complaint or fails to resolve it within 180 days of the date it was filed, it must inform the complainant of that fact in writing. *See* TEX. LAB. CODE ANN. § 21.208. The complainant may then request from TWC a written notice of the complainant's right to file a civil action. *Id*. § 21.251(a).

---

[7] Specifically, Price argued that her motion to reinstate was meritorious because, contrary to UTB-TSC's allegations in its 2012 plea to the jurisdiction, there was in fact a position available for which she could have been hired. She attached a copy of a UTB-TSC "Employment Bulletin" dated November 2008 showing that there was an Assistant Professor in Art History position available for the 2009-2010 academic year.

[8] Specifically, Price contended that the trial court clerk erred by: (1) not filing her counsel's October, 25, 2012 faxed letter until November 19, 2012; and (2) issuing the January 9, 2013 "Order Setting Trial Date Telephonic Conference," which she claims implied that her motion to reinstate had been granted.

After receiving such notice, the complainant has sixty days within which to file suit against the employer. *Id.* § 21.254. If suit is filed against a government employer outside of that sixty-day period, the trial court lacks jurisdiction. *See Garcia*, 253 S.W.3d at 660.

According to Price's petition in the underlying suit, she received notice of her complaint's dismissal and of her right to file a civil action from TWC on June 22, 2011.[9] However, she did not file suit until August 23, 2011, which is sixty-two days after she received notice. Therefore, her suit was untimely filed and the trial court lacked jurisdiction. *See* TEX. LAB. CODE ANN. § 21.254; *Garcia*, 253 S.W.3d at 660.[10]

Because the trial court lacked jurisdiction over the underlying suit, Price has not shown that her motion to reinstate was meritorious. Price's petition for bill of review therefore did not plead facts affirmatively showing that the trial court had jurisdiction. Accordingly, the trial court did not err by granting UTB-TSC's plea to the jurisdiction and dismissing the petition. Price's issue on appeal is overruled.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Justice

Delivered and filed the
16th day of November, 2017.

---

[9] The actual notice, dated June 16, 2011, was attached as an exhibit to Price's underlying petition.

[10] Though UTB-TSC raised the timeliness issue in its 2012 plea to the jurisdiction, Price did not address the issue in her response to the plea, in her motion to reinstate, or in her petition for bill of review.