

# NUMBER 13-17-00036-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

R & W EXCAVATING, INC.,
A UTAH CORPORATION; AND
WILLIE JESSOP,                                                          Appellants,

v.

KENT RICHARDSON, ASSISTANT
ATTORNEY GENERAL; AND
ALLISON PALMER, DISTRICT
ATTORNEY FOR SCHLEICHER
COUNTY, TEXAS,                                                          Appellees.

On appeal from the 51st District Court
of Schleicher County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Hinojosa**
**Memorandum Opinion by Justice Benavides**

By two issues, appellants R & W Excavating, Inc., a Utah Corporation, and Willie

Jessop (collectively R & W) appeal the trial court's granting of appellees' Kent

Richardson, Assistant Attorney General, (Richardson) and Allison Palmer, District Attorney for Schleicher County, (Palmer) pleas to the jurisdiction. R & W alleges the trial court erred by: (1) granting Richardson and Palmer's pleas to the jurisdiction based on sovereign immunity and signing an order dismissing R & W's claim and (2) denying R & W's motion for new trial based on lack of jurisdiction. We affirm.

## I. BACKGROUND[1]

This case revolves around a compound known as the Yearning for Zion Ranch, or FLDS Ranch, comprised of over 1,700 acres in Schleicher County, Texas, which was the headquarters of the Fundamentalist Church of Jesus Christ of Latter Day Saints (FLDS Church). Warren Jeffs and other members of the FLDS Church were convicted of multiple felony offenses in 2011, including polygamy and sexual assault of minors.

### A. Prior Case History

The State of Texas instituted a civil forfeiture suit in the 51st Judicial District Court in Schleicher County in 2012 for the property and obtained a Final Judgment of Forfeiture of the FLDS Ranch in Cause Number 3164 in 2014.

In 2013, R & W obtained two judgments relating to the FLDS Ranch in a Utah court. Judgment 1 against the Corporation of the President of the Fundamentalist Church of Jesus Christ of Latter-Day Saints, Inc. (President-FLDS), the Corporation of the Presiding Bishop of the Fundamentalist Church of Jesus Christ of Latter-Day Saints, Inc. (Bishop-FLDS), Warren Jeffs, an individual, Lyle Jeffs, an individual, and John

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, this case was transferred to this Court from the Third Court of Appeals in Austin. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

Wayman, an individual, awarded R & W $8.5 million dollars against the judgment debtors. Judgment 2 against Lyle Jeffs, an individual, and John Wayman, an individual, was an award for $28.45 million dollars, jointly and severally. Both judgments remain unsatisfied.

In November 2013, R & W filed paperwork to domesticate the foreign judgments in the 51st Judicial District Court. In July 2015, R & W filed the current suit to foreclose the judgment lien and order turnover in cause number 3260 and named the State, President-FLDS, Bishop-FLDS, United Order of Texas Trust, Lyle Jeffs, an individual, and Wayman, an individual, as defendants. The State filed a plea to the jurisdiction and general denial.

In February 2016, R & W amended its petition and added the "State of Texas by and through its officials, (1) Allison Palmer, 51st District Attorney and (2) Kent Richardson, Assistant Texas Attorney General and Special Assistant 51st District Attorney" as additional defendants alleging ultra vires acts against Richardson and Palmer. The trial court granted the State's plea to the jurisdiction and dismissed any claims against the State. The trial court also severed claims against any other defendants into a new cause number, 3260-A.

### B.    Current Case History

After the additional defendants were severed into cause number 3260-A, Richardson and Palmer filed pleas to the jurisdiction and original answers alleging sovereign immunity. Following a hearing on Richardson and Palmer's pleas to the jurisdiction, the trial court granted their pleas and dismissed the claims against them in

3

their entirety. The trial court severed R & W's remaining claims against the other defendants into a new cause number, 3260-B. This appeal followed.

## II. PLEA TO THE JURISDICTION

By its first issue, R & W argues that the trial court committed error by accepting Richardson and Palmer's assertions of sovereign immunity and granting their pleas to the jurisdiction. By its second issue, R & W alleges the trial erred by failing to grant its motion for new trial based on an improper finding of a lack of jurisdiction.

### A. Standard of Review

A plea to the jurisdiction based on governmental immunity questions a trial court's subject matter jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). We review de novo the trial court's ruling on a plea to the jurisdiction. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam). The plaintiff must allege facts that affirmatively establish the trial court's subject matter jurisdiction. *Holland*, 221 S.W.3d at 642. In determining whether the plaintiff has satisfied this burden, we construe the pleadings liberally in the plaintiff's favor and deny the plea if facts affirmatively demonstrating jurisdiction have been alleged. *Miranda*, 133 S.W.3d at 227; *Wilson v New Braunfels Utilities*, 536 S.W.3d 5, 10 (Tex. App.—Austin 2016, no pet.).

A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Miranda*, 133 S.W.3d at 226–27. In some cases, the challenged jurisdictional facts are distinct from the merits of the case, but in other cases the challenged jurisdictional facts are inextricably linked to the merits of the case. *Id.*

"[I]n a case in which the jurisdictional challenge implicates the merits of the plaintiffs' cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists." *Id.* The standard of review on appeal "generally mirrors that of a summary judgment," and the court of appeals will take as true all evidence favorable to the nonmovant and indulge reasonable inferences and resolve doubts in the nonmovant's favor. *Id.* at 228.

If "the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Id.* at 226–27. A court may grant a plea to the jurisdiction without affording the plaintiff an opportunity to amend only if "the pleadings affirmatively negate the existence of jurisdiction." *Id.* at 227. "A trial court is not required to deny an otherwise meritorious plea to the jurisdiction or a motion for summary judgment based on a jurisdictional challenge concerning some claims because the trial court has jurisdiction over other claims." *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006).

### B. Applicable Law and Discussion

R & W asserts a claim to the title of the FLDS Ranch by alleging that Richardson and Palmer committed ultra vires acts under article 59 of the code of criminal procedure by not properly following the requirements of the statute. *See* TEX. CODE CRIM. PROC. ANN. art. 59.01–.14 (West, Westlaw through 2017 1st C.S.) (regarding civil forfeiture relating to criminal offenses).

### 1. Ultra Vires

A suit asserting that a government officer acted without legal authority or seeking to compel him to comply with statutory or constitutional provisions is an ultra vires suit and is not subject to pleas of governmental immunity. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). Such a suit, in effect, does not seek to alter government policy; it seeks to reassert the control of and enforce the existing policy of the governmental entity. *City of Houston v. Little Nell Apartments, L.P.*, 424 S.W.3d 640, 647 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Because these suits are not considered to be suits against the governmental entity, they must be brought against the allegedly responsible government actors in their official capacity. *Id.* To fall within the ultra vires exception to governmental immunity, a plaintiff may not complain about a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. *Id.* The exception permits only prospective declaratory or injunctive relief restraining ultra vires conduct, as opposed to retroactive relief. *Id.*

We will need to construe the provision that the alleged acts fall under in order to review the trial court's ruling and to determine whether the facts as pleaded demonstrate the ultra vires nature of Richardson and Palmer's alleged actions. If we conclude that the pleadings do not affirmatively negate jurisdiction, then we will determine whether the evidence raises a fact issue as to jurisdiction. *See id.*

### 2. Code of Criminal Procedure Article 59

Article 59.04(b) requires that an attorney representing the State file a notice of the

seizure and intended forfeiture of the property and "cause certified copies of the notice to be served on the following persons in the same manner as provided for the service of process by citation in civil cases: (1) the owner of the property; and (2) any interest holder in the property." TEX. CODE CRIM. PROC. ANN. art. 59.04(b). "Owner" is defined as a "person who claims an equitable or legal ownership interest in the property." *Id.* art. 59.01(6). An "interest holder" is defined as "the bona fide holder of a *perfected lien* or a perfected security interest in property." *Id.* art. 59.01(4) (emphasis added).

R & W argues that they were not given notice of the original forfeiture lawsuit initiated by the State and therefore, the forfeiture of the FLDS Ranch to the State should be invalid. However, article 59.02 deals with the forfeiture of contraband and states that:

> The exclusive remedy for failure by the attorney representing the state to provide the notice required under Subdivision (2) is submission of that failure as a ground for new trial in a motion or bill of review.

*Id.* art. 59.02(h)(4).[2] According to the parties in their pleadings, arguments before the trial court, and their briefs to this Court, the judgment in the forfeiture case was a final judgment and R & W did not appeal, file a motion for new trial, or create a bill of review.

---

[2] Article 59.02(h)(2) states:

> An attorney representing the state who has a reasonable belief that property subject to forfeiture is described by Subdivision (1) [referring to Article 59.02(h)(1)] and who has a reasonable belief as to the identity of the rightful owner or interest holder of the property shall notify the owner or interest holder as provided in Article 59.04.

TEX. CODE CRIM. PROC. ANN. art. 59.02(h)(2) (West, Westlaw through 2017 1st C.S.).

Article 59.02(h)(3) states that "an attorney representing the state is not liable in an action for damages resulting from an act or omission in the performance of the duties imposed by Subdivision (2) [referring to Article 59.02(h)(2)].

*Id.* art. 59.02(h)(3) (West, Westlaw through 2017 1st C.S.).

Instead, R & W filed a new cause of action against the State, her representatives, and other judgment creditors, which is the appeal before us now. In this current cause of action, R & W requested that the trial court enter a declaratory judgment under the turnover statute to give R & W legal title to the FLDS Ranch or in the alternative, to require the sale of the FLDS Ranch with the proceeds credited towards the fulfillment the Utah judgments in favor of R & W. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West, Westlaw through 2017 1st C.S.). The State argues that R & W was not a perfected lien holder in the original cause of action and that R & W's new cause of action is an impermissible collateral attack on the finalized forfeiture judgment.

### 3. Turnover Statute

A "turnover" order is a statutory procedural device through which judgment creditors may reach assets of a judgment debtor that are otherwise difficult to attach or levy by ordinary legal process. *Black v. Shor*, 443 S.W.3d 170, 174 (Tex. App.—Corpus Christi 2013, no pet.). Under the statute, a judgment creditor can apply to a court for an injunction or other means to satisfy a judgment through a judgment debtor's property, including present or future property rights. *Id.* The turnover statute is purely procedural; its purpose is to ascertain whether an asset is either in the judgment debtor's possession or subject to its control. *Id.* at 174–75. To obtain relief under the turnover statute, a judgment creditor must prove: (1) the judgment debtor owns the property, including present or future rights to property; (2) the property is not exempt from attachment, execution, or seizure; and (3) the property "cannot be readily attached or levied on or by ordinary legal process." *Id.* (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 31.002).

8

Here, however, the relief requested by R & W could not be obtained under a turnover order. Although they had a foreign judgment that was filed in a Texas court, by the time R & W filed the request for a declaratory judgment turnover order, the State had obtained legal title to the FLDS Ranch based on the forfeiture case. Therefore, it would follow that the judgment debtors that R & W's foreign judgment was against did not own the property.

### 4. Collateral Attack

As part of the original petition requesting a turnover order, R & W alleged that Richardson and Palmer had committed ultra vires acts under the forfeiture case by not following the notice provisions set out in article 59.04 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 59.04. Filing a new cause of action is not the exclusive remedy provided for in article 59.02, which addresses forfeitures. *Id.* art. 59.02.

It is well settled that a litigant may attack a void judgment directly or collaterally, but a voidable judgment may only be attacked directly. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 271 (Tex. 2012). A direct attack—such as an appeal, a motion for new trial, or a bill of review—attempts to correct, amend, modify or vacate a judgment and must be brought within a definite time period after the judgment's rendition. *Id.* at 272. A collateral attack seeks to avoid the binding effect of a judgment in order to obtain specific relief that the judgment currently impedes. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005). After the time to bring a direct attack has expired, a litigant may only attack

9

a judgment collaterally. *Id.*

A collateral attack "is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Id.* "Only a void judgment can be collaterally attacked." *Id.* A judgment is void only when it is apparent that the court rendering judgment "had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Id.* (quoting *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973)).

### 5. Bill of Review

In contrast, a bill of review is the one of the exclusive methods available to correct a failure to provide notice under article 59.02. *See* Tex. Code Crim. Proc. Ann. art. 59.02.

Upon the expiration of the trial court's plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law. *Temple v. Archambo*, 161 S.W.3d 217, 222 (Tex. App.—Corpus Christi 2005, no pet.) (referencing Tex. R. Civ. P. 329b(f)). A bill of review is an equitable action brought by a party to a prior action who seeks to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Id.* The grounds upon which a bill of review can be obtained are narrow because the procedure conflicts with the fundamental policy that judgments must become final at some point. *Id.* at 223; *see King Ranch v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

Before a litigant can successfully invoke the equitable powers of the court and secure a bill of review to set aside a final judgment, he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) which he was prevented from making by fraud, accident or wrongful act of the opposing party; (3) unmixed with any fault of negligence of his own. *Temple*, 161 S.W.3d at 223. The petitioner must further allege, with particularity, sworn facts sufficient to constitute a meritorious defense and, as a pretrial matter, present prima facie proof to support the contention. *Id.* This preliminary showing is essential in order to assure the court that valuable judicial resources will not be wasted by conducting a spurious "full-blown" examination of the merits. *Id.* The relevant inquiry is not whether "the result would probably be different" on retrial. *Id.* (quoting *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979)). Rather, a prima facie meritorious defense is made out when it is determined that the complainant's defense is not barred as a matter of law and that he will be entitled to judgment on retrial if no evidence to the contrary is offered. *Id.*

## 6. Analysis

R & W challenges the State's title to the FLDS Ranch in seemingly the wrong manner. Article 59.06(f) states:

> A final judgment of forfeiture under this chapter perfects the title of the state to the property as of the date that the contraband was seized or the date the forfeiture action was filed, whichever occurred first, except that if the property is real property, the title is perfected as of the date a notice of lis pendens is filed on the property.

TEX. CODE CRIM. PROC. ANN. art. 59.06(f) (West, Westlaw through 2017 1st C.S.). Based on testimony from R & W during a hearing before the trial court, although the foreign

11

judgments had been filed in the trial court while the forfeiture case was pending, R & W had not filed an abstract of judgment, which could warrant a claim to the FLDS Ranch. Testimony further showed that R & W did file an abstract of judgment for the FLDS Ranch but after the forfeiture judgment became final. *See generally* TEX. PROP. CODE ANN. § 52.003 (West, Westlaw through 2017 1st C.S.). However, even if the filing of the foreign judgment should have given the State notice of any possible interest in the property by R & W, the turnover order request was still an improper vehicle in which to obtain relief.

R & W should have challenged Richardson and Palmer's actions under the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 59.02. Article 59.02, under which the forfeiture of the FLDS Ranch was instituted, explicitly states "the *exclusive remedy* for failure by the attorney representing the state to provide notice . . . is submission of that failure as a ground for new trial in a motion for new trial or bill of review." *Id.* (emphasis added). Based on the testimony during the trial court hearing, the forfeiture judgment is final, there was no appeal of that judgment, nor was there a motion for new trial or bill of review filed against it.

Because a declaratory judgment and turnover order are not the proper vehicles to challenge the forfeiture of the FLDS Ranch, this is not a proper ultra vires action. Therefore, the court lacked jurisdiction based on sovereign immunity. The trial court properly granted Richardson and Palmer's combined pleas to the jurisdiction. We overrule R & W's first and second issues.

### III. CONCLUSION

We affirm the combined order of the trial court.

GINA M. BENAVIDES,
Justice

Delivered and filed the
13th day of December, 2018.

13